YARRUT, Judge.
Plaintiffs-Appellants took this devolutive appeal only from a judgment of the District Court denying their petition for a judgment to declare that Defendant cannot erect a school structure on its lots Nos. 1 through 8, in Square No. 65, fronting on Fontaine-bleau Drive, bounded by Broad Place, Low-erline and Pine Streets, in New Orleans, contending that the original plan of subdivision, in which the square is located, restricted Fontainebleau Drive for residential purposes only. Plaintiffs-Appellants own homes on Fontainebleau Drive in adjoining squares. Plaintiffs-Appellants did not pray for a temporary restraining order, nor a preliminary or permanent injunction.
The District Court maintained an exception of no right or cause of action, based on the holding in a similar case entitled, In re Congregation of St. Rita Roman Catholic Church, La.App., 130 So.2d 425.
*667 The cited case and Plaintiffs-Appellants’ petition show clearly that all factual and legal issues contained in Plaintiffs-Appellants’ petition were adjudicated in the cited case, the only difference being the parties-Plaintiff, and the contention that Plaintiffs-Appellants’ petition differs from that of the cited case, in that an allegation they make was not an issue in the first suit. The additional or new allegation is that it was the intention of the creator of the subdivision to restrict all lots in the subdivision for residential purposes only; therefore, Plaintiffs-Appellants should have an opportunity to prove such intention.
In view of the fact that all titles and restrictions are in writing and recorded, and have been settled by the jurisprudence, any attempt to introduce parol testimony to vary or alter such recorded deeds would be an attempt to alter by parol testimony the recitals of the title deeds. This cannot be done except in case of an allegation of mutual error or fraud, and the parties to the original deed creating the restrictions are made parties. Such testimony, therefore, would not be admissible even upon a trial of the merits, so the exception of no right or cause of action was properly maintained by the District Court.
Furthermore, it was admitted in open Court during oral argument that, since the finality of the first suit (cited supra) the school building, a modern brick and fire-proof building, was built and occupied as a school at a cost of approximately $800,000.00. The new school building replaced a wooden school building used as such for many years, located on the lots in the rear half of the square, fronting on Broad Place, which had been destroyed by fire.
Since Plaintiffs-Appellants sought only a declaratory judgment, without injunc-tive relief and without a suspensive appeal, and the school building has since been erected and occupied, the issue is now moot. Freret Civic Ass’n v. Orleans Parish School Board, 223 La. 407, 65 So.2d 893.
For the reasons assigned, the judgment of the District Court is affirmed, Plaintiffs-Appellants to pay all costs in both Courts.
Affirmed.