CHASEZ, Judge.
Plaintiff, Sterling W. Comeaux, Jr., filed a petition against the Parish of Jefferson, praying that the Parish be enjoined from interfering with his constructing an addition to his commercial building. Plaintiff further sought a declaration that the use certificate and building permit he had obtained from the Parish were valid, and that the attempted revocation of the use certificate was a nullity.
Joseph Capaci, Joseph Joachim, both residents of the Parish of Jefferson, and John Carona, a resident of the Parish of Orleans, filed a petition of intervention joining with the defendant, the Parish of Jefferson, and prayed that there be judgment in favor of the Parish of Jefferson dismissing the suit filed herein by the plaintiff.
From a judgment denying the permanent injunction, plaintiff appeals.
On February 29, 1960, plaintiff procured a use and occupancy certificate and a building permit to construct an addition to an existing furniture store on his lot. The furniture store was a nonconforming use, and the addition thereto would constitute an extension of the nonconforming use, governed by Jefferson Parish Ordinance No. 3813, Section 15-3. The ordinance requires written assent of a majority of the property owners within 200 feet of the property upon which an extension of nonconforming use is proposed. Plaintiff's application was accompanied by three written assents. Plaintiff himself withdrew one of these at the request of its signer; the second was not executed by a property owner but by a lessee; and the third signer owned no property within 200 feet of plaintiff’s land.
On April 8, 1960, the Parish Planning Director notified plaintiff by letter that the *124 use and occupancy certificate was recalled and voided because of the withdrawal of one of the written assents. The letter requested that plaintiff halt construction. Even prior to the letter, within a few days of February 29, the Planning Director had orally informed plaintiff that the use certificate would be voided unless reapplication were made accompanied by proper written assents.
As of the receipt of the April 8, 1960, letter, plaintiff had expended or committed several thousand dollars towards the expansion of his building. An April 27, 1960, letter from the Parish attorney’s office suggested that plaintiff had obtained a vested property right by his expenditures in reliance on the use and occupancy certificate and building permit issued on February 29. On May 2, 1960, the Jefferson Parish Council by resolution requested that the Safety Department revoke plaintiff’s building permit and directed steps to prevent further building. On May 3, 1960, the Parish Council forwarded, by registered mail, a copy of said resolution to plaintiff. Plaintiff sought and obtained a temporary restraining order but, in due course, after trial, this order was recalled and plaintiff was denied both the preliminary injunction and the permanent injunction demanded. This appeal relates only to the permanent injunction.
The court is of the opinion that the certificate of occupancy and building permit issued herein were illegally issued; that the plaintiff, Comeaux, was aware of the fact that he had not complied with the law at the time affidavits were presented on his behalf for the issuance of the use certificate and ultimately the building permit; as a matter of fact, he so testified, as evidenced by the record, and the District Judge was of this opinion when he disposed of the application for a preliminary injunction. Further, Comeaux knew that the ordinance itself provided for a rear yard area of IS feet between a commercial building and residential property. Regardless of this, the only provision made by him in his construction plan was for a 7-foot rear yard to the detriment of the homeowners, abutting his property. He was aware, likewise, that there was serious objection by adjoining property owners for the record' discloses that he had conversations with the adjoining property owners regarding the construction. The record also discloses, that Comeaux did make an application to-the Zoning Board of Appeals requesting a waiver of variation from the requirements of the Comprehensive Zoning Law of Jefferson Parish Ordinance 3813, as-amended, because of “insufficient rear yard area” and his application was denied by said Zoning Appeal Board.
We are of the opinion that Comeaux had" full knowledge of the entire situation and made every effort to complete his proposed constructions in the teeth of the ordinance, and this activity by him indicates lack of good faith and should deprive him of the-equitable remedy of injunction when the-Parish government seeks to enforce the law. Further the court notes, as a result of a stipulation filed in this court, and the statements made in the brief filed by the-plaintiff, Sterling W. Comeaux, the contention that, since the rendition of the judgment of the District Court, the Jefferson Parish Council amended the ordinance and' reclassified the property, subject to this, proceeding, from “R-l Single Family Residential to C-2 General Commercial”. Even though this be true, the zoning ordinance-of Jefferson Parish governing this litigation', provides:
“REAR YARD
“A. No rear yard is required except where a lot abuts upon a residential district in which case, there shall be a rear yard having a depth of not less than fifteen feet.”
The record indicates that plaintiff’s-building extends to 7 feet of the property of intervenor, Capaci, which property abuts-Comeaux’s property; and Capaci’s property *125 has always been zoned R-l”, the residential classification.
Plaintiff’s plea to this court that this matter is moot as a result of the above mentioned reclassification is erroneous; and since plaintiff has not dismissed his suit, the matter is still before us for consideration.
We believe the judgment denying the injunction was proper. Plaintiff had no color of right to a certificate of use and occupancy for the extension of his nonconforming use, since he did not comply with the requirement of the ordinance regarding written assents of neighboring landowners when he applied for the certificate. Not having secured a lawful certificate in the first place, plaintiff should not have relied upon the certificate he obtained as, reasonably, he could not have believed it would protect him in constructing an addition to his building in violation of the zoning ordinance.
Plaintiff further argues that the Parish in its administration of the zoning ordinance denies equal protection of law to plaintiff. Plaintiff required the Parish to produce its records of nonconforming properties along the Veterans Highway, on which plaintiff’s property is situated, in an effort to show general nonenforcement of the zoning ordinance and discrimination against plaintiff. The best that can be said for plaintiff is that in one case the records produced did not contain any written assents of neighboring property owners. However, the Parish planning director testified that this was due simply to inability to locate the written assents in his files and not because no assents were submitted. Plaintiff has not shown that the statute is being administered in an arbitrary or discriminatory fashion.
We, therefore, conclude that the certificate of use and occupancy was properly revoked by the planning director; and that plaintiff is also not entitled to a building permit, because Ordinance 3813 Section 21-2 requires the legal issuance of a use and occupancy certificate as a prerequisite to the issuance of a building permit. Accordingly, plaintiff is not entitled to any of the relief he sought in this injunction proceeding.
The judgment of the District Court denying the permanent injunction is correct and it is affirmed at plaintiff’s cost.
Affirmed.