CHASEZ, Judge.
On May 23, 1963, plaintiffs herein, Wil-shire South Association, an unincorporated civic association domiciled in the Parish of Jefferson, appearing through its President, James A. Lindsay; Edward A. Schmidt, Edwin Doerries, Robert Chamberlain, James A. Lindsay, Vernon Watts, John Bannon, Louis G. Rodrigue, Jr., Wanner L. Potin and Edwin J. Rovira, Jr., filed this suit against the defendants, the Zoning Appeals Board of the Parish of Jefferson, Joseph P. Dorig^iac, Jr., and Mrs. Margaret Debebant, widow of Joseph P. Dorignac, Sr.
The plaintiffs’ petition claims that as a result of actions of the said defendants regarding an attempted reclassification of certain real estate owned by said defendants from a R — 1, single family classification to a C-2, general commercial classification, would damage said plaintiffs in their realty holdings, and, accordingly, prayed for a judgment in their favor in the sum of $135,000.00 against said defendants, and petitioned the Court for a declaratory judgment declaring that Section XXVI of Ordinance 3813 and Section XXVII of Ordinance 5687 of the Parish of Jefferson supersede and control any other section of said ordinances dealing with the reclassification and/or extension of zoning in the Parish of Jefferson.
Numerous exceptions and several supplemental and amended pleadings were filed herein, none of which we need concern ourselves with on this appeal save to state that the plaintiff, Wilshire South Association, stipulated that since it had no interest in the property involved it should be dismissed as a party plaintiff and that the Parish of Jefferson and the Jefferson Parish Council were made parties defendant; further, the record discloses that the plaintiffs dismissed their demand for a perma-. nent injunction and also dismissed their demand for damages.
The case as it now stands before this Court on appeal involves only the demand *868 of the plaintiffs before this Court “ * * that there be a declaratory judgment issued herein declaring Section XXVI of Ordinance 3813 and Section XXVII of Ordinance 5687 of the Parish of Jefferson to supersede and control any other section of said ordinances dealing with the reclassification and/or extension of zoning; * * ”
The exceptions of no right and no cause of action with which we are concerned herein were first overruled by the Court below on November 13, 1964, but were later sustained by the Court on February 11, 1965, after a new trial thereon. This judgment of the Court, rendered on February 11, 1965, is the subject of the present appeal.
The Court in its judgment stated the following :
“The Court granted the motion for a new trial for the reason that it was concerned over the question of whether this declaratory judgment procedure would end litigation or foster litigation, and the question of whether the problem presented in this case was not moot because the building had been constructed since the filing of the original suit. Originally, it appeared that when the plaintiffs herein dismissed their suit in regard to the question of damages, that this proceeding could put an end to the litigation involved. However, since that time several damage suits have been filed based upon this problem of violation of the zoning laws and restrictive covenants, and it now appears quite clear to the Court that the decision in this case would not resolve the other litigation and for that reason the Court is now of the opinion that the issue presented herein is no longer a subject of declaratory judgment. Since the parties who feel damaged by these activities have already filed suit, the Court is of the opinion that the law requires that that remedy should be preferred over a continuance of this proceeding.
“Additionally, the facts show that the building has been completed on the subject premises and has been in operation as a commercial venture for some months. Since a decision in this case could only declare that the building was improperly erected, it would seem that this case should now come under the ruling of the case entitled: Graham, et al. v. The Congregation of St. Rita Roman Catholic Church. 146 So. (2) 666 (4th Cir.App.), and the parties should be relegated to pursuing their remedy in law in the other proceeding.
“The plaintiffs in this case have filed a bond for costs, and there is also before the Court a motion to have this returned to the plaintiffs or reduced substantially. Since the Court is now of the opinion that the exceptions should be maintained, it would appear that the plaintiffs are entitled to a return of their money deposited as a bond for costs, upon the payment of the costs assessed in this case.”
Plaintiffs on this appeal contend that the only reason given by the Court for its judgment was the filing of the damage suits by the plaintiffs and argue that the declaratory judgment sought herein would establish only the legality or illegality of the use of the property which would have absolutely no effect on the other suits filed by some of the plaintiffs.
We are in accord with the concern expressed by the lower Court that the declaratory judgment procedure would not end litigation between the parties but would foster more litigation; and its concern with the question of whether the problem presented in this case was not moot because the building had been constructed since the filing of the suit on May 23, 1963.
At the outset we note the discretionary nature of the provisions of the Articles of the Code of Civil Procedure regulating declaratory judgments. The Articles reflect, and the decisions leave no *869 doubt, that to grant or refuse declaratory-relief is a matter of judicial discretion. LSA-C.C.P. art. 1876 provides:
"The court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding.”
In argument before this Court on the trial of this matter, counsel for both plaintiffs and defendants apprised the Court of the fact that the suit for monetary damages sought by the plaintiffs herein was dismissed; that the demand of plaintiffs by supplemental petition for an injunction prohibiting the construction of the building by defendants on the property involved herein was dismissed and that a number of the parties plaintiff had filed in other judicial proceedings claims for damages against the defendants Dorignacs. We note the requirement for declaratory judgments that there be in existence an actual controversy on which to rest jurisdiction and we must state that this record indicates that an actual controversy between the parties which would require the issuance of a declaratory judgment under the procedure set forth does not now exist. Assuming that a proper case for declaratory relief had been presented to the Court at the outset, the fact that the building had been completed since the filing of the suit coupled with the fact that the suit for the declaratory judgment asks no injunctive relief or restraining order of any kind, subjects the case clearly to the rule of this Court in Graham v. Congregation of St. Rita Roman Catholic Church, La.App., 146 So.2d 666, following the Supreme Court case of Freret Civic Ass’n v. Orleans Parish School Board, 223 La. 407, 65 So.2d 893. Plaintiffs rely upon the case of Comeaux v. Parish of Jefferson, La.App., 164 So.2d 123. We do not believe that the Comeaux case is applicable here.
In view of the facts disclosed in this record, we cannot say that the lower Court abused its discretion in denying the declaratory judgment relief prayed for by the plaintiffs-appellants and for the foregoing reasons the judgment of the lower Court in favor of the defendants, Joseph P. Dorig-nac, Jr., and Mrs. Margaret Debebant Do-rignac, widow of Joseph P. Dorignac, Sr., Jefferson Parish Council and the Jefferson Parish Zoning Appeals Board and against all parties plaintiff herein is affirmed in all respects; all costs in this Court to be paid by plaintiffs-appellants.
Affirmed.