323 So.2d 155 (1975)
Jeffrey DESHOTEL, Plaintiff-Appellee,
v.
CALCASIEU PARISH POLICE JURY, Defendant-Appellant.
No. 5154.
Court of Appeal of Louisiana, Third Circuit.
November 20, 1975.
Rehearing Denied December 17, 1975.
Writ Refused February 6, 1976.
*156 Joseph W. Greenwald, Asst. Dist. Atty., Lake Charles, for defendant-appellant.
McHale & Bufkin by Louis D. Bufkin, Lake Charles, for plaintiff-appellee.
Before HOOD, CULPEPPER, MILLER, DOMENGEAUX and WATSON, JJ.
MILLER, Judge.
Defendant Calcasieu Parish Police Jury appeals the judgment ordering it to issue a beer and liquor permit to plaintiff Jeffrey Deshotel. We affirm.
Deshotel owns property near Westlake in Calcasieu Parish. On January 8, 1975 Deshotel asked the Parish chief planning officer if there were zoning or legal impediments to building and operating a bar and lounge on his property. He was informed no impediment existed but a neighboring resident had inquired to determine the procedure to have the area zoned agricultural. Deshotel was told the agricultural classification, if adopted, would prevent establishment of the bar and lounge business.
On that day Deshotel applied for a beer and liquor permit to operate the business on his property and made the required deposit. Construction of the building was commenced. It was completed about February 1st and on February 4, 1975 the Louisiana Health and Human Resources Administration declared it fit for its intended use as a lounge and bar.
On February 5, 1975, the Police Jury met in regular session. The usual order of business was changed to take up zoning applications before permit applications. The agricultural classification was adopted and at the same meeting, Deshotel's permit was denied for the reason he was in an area zoned agricultural.
Deshotel contends his permit should have been issued despite the jury's reclassification of his property; that his business was a preexisting nonconforming use and therefore excepted from the amendment to the zoning ordinance.
The amended zoning ordinance was the sole basis for refusing to issue the permit. The jury concedes the license must be issued if the amended zoning ordinance did not prohibit Deshotel's business.
The jury contends the nonconforming use is not established in fact, since no sales of beer or liquor occurred. It argues operation of a bar and lounge is illegal absent a permit, and therefore Deshotel had not established a nonconforming use. We distinguish Comeaux v. Jefferson Parish, 164 So.2d 123 (La.App. 4 Cir. 1964) where unlawful use was not recognized. The court was there concerned with a violation of an ordinance then in effect. We also distinguish Boyd v. Donelon, 193 So.2d 291 (La.App. 4 Cir. 1967) where the nonconforming use was not established because the partially erected structures violated terms of the permit under which they were built.
Since this property was unclassified Deshotel needed no construction permit. Constructing the building violated no law or regulation. Although he could not legally operate the bar and lounge without *157 a beer and liquor permit, he could legally build a bar and lounge, and he did.
The trial court held Deshotel's construction of the building brought him within this exception allowed by Art. VII of the ordinance:

§ 2. Construction approved prior to ordinance.
Nothing herein contained shall require any change in plans, construction, or designated use of a building for which a building permit has heretofore issued and the construction of which shall have been diligently prosecuted within three (3) months of the date of such permit and the groundstory framework of which including the second tier of beams, shall have been complete within six (6) months of the date of the permit, and which building shall be completed according to such plans as filed within one (1) year from the date of this chapter.
Since the zoning ordinance requires no building permit in Deshotel's unclassified area, construction which does not violate other laws or regulations is permitted. Had a permit been required as of January 1975, the Parish would have been required to issue a building permit to Deshotel. Wrongful withholding of a building permit would not prevent Deshotel from establishing a nonconforming use. City of Shreveport v. Dickason, 160 La. 563, 107 So. 427 (1926). Construction cannot be retroactively made illegal by an ordinance. And construction cannot be made retroactively illegal because Deshotel failed to obtain a permit which was not required.
The final issue concerns the jury's allegation that Deshotel lacked "good faith." This is bottomed on information Deshotel obtained when he applied for the permit. He learned a neighboring resident had inquired about changing the zoning classification in that area.
Some states ascribe no importance to knowledge on the part of the parties and recognize there may be a race, within the bounds of law, to establish a use or adverse classification. Corcoran v. Village of Bennington, 128 Vt. 482, 266 A.2d 457 (1970). Pretermitting this issue, Deshotel's knowledge was insufficient to label his acts as having been made in bad faith. He was made aware of a citizen inquiry, not a contemplated action or hearing by the public body. His estimate of the seriousness of that inquiry must be evaluated in light of his knowledge of the property in question and its suitability for agricultural classification. It was six or seven miles to the nearest area which had been zoned as a classified area by the Parish. The parties moving to zone the area were attempting to prevent the sale of alcoholic liquor and beverages in their neighborhood. They selected 17.7 acres which included Deshotel's entire 7 acre tract, but excluded some of the moving parties property. Their petition to zone the area "agricultural" was signed by owners of 50.3% of the 17.7 acre tract and almost all of Deshotel's neighboring property was currently under commercial use. Tr. 73-7. Deshotel was not in bad faith. There is no manifest error in the trial court determination Deshotel was entitled to rely on the existing conditions and ordinance when he undertook construction and applied for his permit.
Since lawful construction was commenced and completed before passage of the zoning amendment, a nonconforming use had been established.
The jury's reliance on the violation of the zoning ordinance was improper. Therefore their refusal to issue the permit was unsupported. There is no manifest error in the trial court's grant of the writ of mandamus.
The trial court judgment is affirmed at appellant's cost.
Affirmed.
*158 HOOD, J., dissents and assigns written reasons.
CULPEPPER, J., dissents for the reasons assigned by HOOD, J.
HOOD, Judge (dissenting).
I respectfully disagree with the conclusions reached by the majority.
The evidence show that on January 7, 1975, Stephen S. Coleman, Calcasieu Parish License Officer, received a telephone call from Planey Fontenot, Jr., inquiring as to whether a license to sell alcoholic beverages had been issued to plaintiff, Jeffrey Deshotel. Coleman advised Fontenot that no such permit had been issued, and that none could be granted until it was approved by the Police Jury. Coleman knew at that time that some of plaintiff's neighbors were seeking to have the area which included plaintiff's property zoned so that alcoholic beverages could not be sold there.
On the same day, January 7, Fontenot also telephoned Dean Lawrence Ford, Planning Officer for Calcasieu Parish, advising that he and a group of residents in the area where plaintiff lived wanted to zone the property in that neighborhood so that alcoholic beverages could not be sold there, and he inquired as to the procedure which would have to be followed in getting the property zoned. Ford explained to Fontenot the procedures which were required for zoning, and the parties agreed that Fontenot would go to Ford's office in Lake Charles at 3:00 P.M. the following day, January 8, 1975, to work up a description of the property which the group represented by Fontenot wanted to have zoned and to prepare and file a zoning petition.
Early in the afternoon of January 8, 1975, before Fontenot got to Ford's office, plaintiff Deshotel contacted Ford, the Planning Officer, and inquired as to whether his property had been zoned in such a manner that he could not sell intoxicating liquors there. Ford told him that the property had not been zoned, but he also informed Deshotel that inquiries had been made by Deshotel's neighbors the previous day about the procedure which would be required to have it zoned, and that some of the residents of that area were planning to come to Ford's office later that afternoon to draft a petition asking to have the property in that neighborhood zoned.
After receiving that information, Deshotel immediately went to Coleman's office and applied for a permit to sell intoxicating liquor on his property, knowing that that property was located in the area which his neighbors were seeking to have zoned. Plaintiff's application for a liquor license was filed on the afternoon of January 8.
Fontenot met with Ford in the latter's office at about 3:00 P.M. on January 8, 1975, as planned, shortly after Deshotel had been there. Ford discussed the matter with Fontenot, and he made an actual inspection of the property which Fontenot and the group he represented desired to have zoned. Ford felt that the best classification for the property was for agricultural purposes, and he recommended that Fontenot and his group seek to have it classified as such in the zoning ordinance. He then assisted the group in drafting a petition to be signed by residents of that area seeking to have the property zoned for agricultural purposes. The requisite number of residents of that area signed the petition, and it was filed in the office of the Parish Planning Officer on January 9.
Immediately after Deshotel applied for a liquor permit on January 8, he began constructing a building on his property suitable for use as a lounge and bar, and the construction of that building was completed less than a month later, on February 4, 1975. On the last mentioned date he had the building inspected by C. H. Gillhan, a Sanitarian with the Louisiana Health and Human Resources Administration, who certified that "all equipment installed and is ready to operate."
*159 The Police Jury met on February 5, 1975, and after considering the above zoning petition, it adopted an ordinance zoning the property around and including plaintiff's tract of land for agricultural purposes. The ordinance had the effect of prohibiting the sale of intoxicating liquor in the zoned area. Deshotel's application for a permit to sell intoxicating liquors in that area also came up before the Police Jury that day, but the Police Jury rejected his application for the reason that the property had been zoned.
Plaintiff thereafter submitted another application to the Police Jury for a license to sell intoxicating beverages on his property. That application was considered by the Police Jury at a meeting held on March 5, 1975, but it also was denied. This suit was instituted on March 11, 1975.
Article VII of the zoning ordinance adopted by the Calcasieu Parish Police Jury relates to "Nonconforming Uses." Sections 1 and 2 of that article provide:
"Sec. 1. Existing nonconforming uses.
"The lawful use of any building or land existing at the time of the enactment of this chapter may be continued, although such use does not conform with the provisions of this chapter.
"Sec. 2. Construction approved prior to ordinance.
"Nothing herein contained shall require any change in plans, constructions, or designated use of a building for which a building permit has been heretofore issued and the construction of which shall have been diligently prosecuted within three (3) months of the date of such permit and the ground story framework of which, including the second tier of beams, shall have been completed within six (6) months of the date of the permit, and which entire building shall be completed according to such plans as filed within one (1) year from date of this chapter."
No attack is made on the zoning ordinance adopted by the Police Jury, both parties apparently conceding that that ordinance is valid and enforceable. No one questions the "good faith" of the Police Jury in zoning the area which includes plaintiff's property, and the majority has held that "Deshotel was not in bad faith."
I agree that neither the Police Jury nor Deshotel were in bad faith. The residents of the affected area knew that Deshotel was seeking a permit to sell intoxicating liquors on his premises, and Deshotel knew before he applied for a liquor license and before he began constructing a building that his neighbors were seeking to have the property zoned so as to prohibit the sale of such liquors there. There is no question but that Deshotel on the one hand, and his neighbors on the other, engaged in a race to accomplish their respective purposes. Deshotel sought to obtain a liquor permit and to establish a nonconforming use of the property before the zoning ordinance was adopted, and his neighbors sought to get the zoning ordinance adopted before Deshotel could begin using the property for the sale of intoxicating liquors. Deshotel lost the race.
The evidence shows that plaintiff has never obtained a permit to sell intoxicating liquor on the above mentioned property. He has never operated a bar and lounge on those premises, and he has never sold any alcoholic beverages on them. He clearly has not established a nonconforming use of the property prior to, at the time of, or at any time after the adoption of the zoning ordinance.
My colleagues quote and rely on Section 2 of Article VII of the ordinance, which relates solely to the construction of buildings on property in the zoned area. The majority holds, as I understand the opinion, that plaintiff has the right to sell alcoholic *160 beverages in the building which he constructed, despite the fact that it has never been used for such a nonconforming purpose, because (1) no building permit was required for the construction of such a building, (2) had such a permit been required the Parish would have been required to issue one to plaintiff, (3) the wrongful withholding of a building permit would not prevent Deshotel from establishing a nonconforming use, and (4) construction cannot be made retroactively illegal because Deshotel failed to obtain a permit which was not required.
I find no fault with any of the conclusions of law expressed by the majority, but none of those conclusions have anything to do with the issue which is presented here. The question to be resolved in the present suit is whether Deshotel was using his property for the sale of intoxicating liquors prior to and at the time that property was zoned for agricultural purposes.
In my view, Section 2 of Article VII of the zoning ordinance relates solely to the construction of buildings on zoned property, and it does not relate to the use which was being made of those buildings at the time the property was zoned. Actually, I believe that that section is applicable only in cases where a building permit is required and had been issued before the property was zoned. It is not applicable in this case, since a building permit was not required.
I would hold, if such an issue were presented here, that plaintiff had the right to continue the construction of the building which he began before the property was zoned, even though it may not have conformed to the requisites of the ordinance. That issue is not presented in this case, however. No one has sought or is seeking to prevent plaintiff from completing the construction of his building. The only issue presented here is whether he was using that building for the sale of alcoholic beverages before and at the time the property was zoned. The evidence shows, without contradiction, that he has never used the premises for that purpose.
A valid and enforceable ordinance prohibits the sale of alcoholic beverages on plaintiff's property. The building which he recently constructed on that property is not exempt from the above prohibition, under Sections 1 or 2 of Article VII of the ordinance, because no part of the property was being used for such a nonconforming purpose at the time it was zoned.
In my opinion, the trial court erred in ordering the Police Jury to deliver to plaintiff liquor and beer permits for use on the property involved in this litigation. I would reverse the judgment rendered by that court.
For these reasons, I respectfully dissent.