SCHOTT, Judge.
On May 12, 1977, plaintiff filed a petition to reverse a decision of defendant handed down on April 1, 1977, granting a permit to Gifford-Hill & Co., Inc. to construct a bridge across the Tangipahoa River in Tan-gipahoa Parish. The petition also contained a prayer for a declaratory judgment that the permit was void. Plaintiff attacked the decision on the grounds that it was made in violation of portions of the Natural and Scenic Rivers System Act, LSA-R.S. 56:1841 et seq. and the Louisiana Administrative Procedure Act, R.S. 49:951 et seq. Plaintiff charged defendant with being arbitrary and capricious, abusing its discretion, violating the law and reaching a manifestly erroneous conclusion considering the evidence presented to it.
Plaintiff alleged that the construction of the bridge by Gifford-Hill over the Tangi-pahoa River is detrimental to the environment and beauty of the river and that the issuance of the permit for the construction of the bridge was in direct conflict with the spirit and purpose of the Natural and Scenic River System Act.
The trial judge dismissed plaintiff’s suit on the basis of the pleadings and the record of the proceedings conducted before defendant, and from this judgment of March 8, 1978, plaintiff has appealed.
The Natural and Scenic Rivers System Act itself does not contain any reference to the construction of bridges as such. Section 1845 prohibits “channelization, clearing and snagging, channel realignment and reservoir construction of those rivers and streams included within this system.” Section 1843 provides for the purpose of the act as follows:
“This system shall be administered for the purposes of preserving, protecting, developing, reclaiming and enhancing the wilderness qualities, scenic beauties and ecological regimen of certain free-flowing streams or segments thereof. This system shall further be administered for the purpose of preserving aesthetic, scenic, recreational, fish, wildlife, ecological, ar *881 chaeological, geological, botanical, and other natural and physical features and resources found along these streams or segments thereof.”
In connection with the administration of the system, defendant on September 18, 1973, adopted guidelines and procedures for the administration of the act.
Under Section 6 thereof the same activities listed in Section 1845 of the act as prohibited uses are designated Class A uses and absolutely prohibited. Section 7 of defendant’s guidelines provides as follows:

CLASS B USES: FULL AND THOROUGH EVALUATION REQUIRED

All other significant uses of the natural and scenic rivers and streams or their banks designated by R.S. 56:1846, significantly effecting the purposes for which the system is established shall be Class B uses. Class B uses may be undertaken upon the issuance of a permit by the Administrator after a full and thorough evaluation of the impacts of the proposed use. The evaluation shall consider the purposes for which the System is established and shall be made with a view toward maintaining the fundamental character and unique natural values associated with the System. Class B uses shall include but shall not be limited to pipelining, tree cutting, building of bridges, building of camps, bulkheading, dredging and canalling of adjacent land areas.
The guidelines prescribe the parameters for evaluations of applications for permits made pursuant to Section 7, the procedure to be employed, provisions for public hearings and third-party input, and under Section 27 a provision for judicial review recognizing the right of any person interested in the proceedings to seek judicial review in accordance with R.S. 49:964.
At the time plaintiff filed its petition the permit for the bridge had been issued only a month previously. However, by the time the judgment appealed from was signed the bridge had been completed. On June 21, 1977, plaintiff filed a motion in which it alleged that construction of the bridge had begun, and it sought a stay enforcement of defendant’s decision pursuant to R.S. 49:964 C. This motion for a stay was denied on June 30, 1977, and the record is silent with respect to any attempt by plaintiff to appeal or seek supervisory relief from the refusal of the trial court to grant a stay.
We have raised on our own motion the question of the mootness of this appeal. The bridge has been built and the only relief sought by plaintiff is a declaration from this court that the permit issued for the construction of the bridge is void.
The posture of the case is much the same as Wilshire South Ass’n v. Jefferson Parish Zon. App. Bd., 181 So.2d 866 (La.App. 4th Cir. 1966) and Graham v. Congregation of St. Rita Roman Catholic Church, 146 So.2d 666 (La.App. 4th Cir. 1962), certiorari denied. In those cases it was held that a suit for a declaratory judgment as to a defendant’s right to construct a building was properly dismissed when plaintiff had not sought injunctive relief and the building was already constructed by the time the case was decided by the Court of Appeal.
In A To Z Paper Co. v. Louisiana State Board of Education, 251 So.2d 643 (La.App. 1st Cir. 1971), plaintiff sued to enjoin the Board from awarding a contract to a competitor and for a judgment declaring the contract null and void. It took a devolutive appeal from a judgment dismissing its suit. By the time the case reached the Court of Appeal the contract had been fully executed but plaintiff requested the court to render declaratory relief. The court disposed of the case as follows:
“When the contract was awarded and executed in full, the only controversy between the parties presented by this proceeding became moot. A justiciable controversy between the parties must exist before the courts can render declaratory judgments relative thereto. Stoddard v. City of New Orleans, 246 La. 417, 165 So.2d 9 (1964).
“Since the issues here presented are moot, and no justiciable controversy appears, we think that any opinion relative thereto would be purely advisory, and *882 rendition of such opinions is reprobated by law. The appeal is therefore dismissed, at plaintiff’s cost.”
In the instant case Gifford-Hill got a permit to build the bridge and proceeded with construction. Plaintiff sought no in-junctive relief and neither defendant nor the trial court stayed the effect of the permit. Since the bridge is finished the validity of the permit is now moot.
Accordingly, this appeal is dismissed at plaintiff’s cost.
APPEAL DISMISSED.