LEAR, Judge.
Plaintiff filed suit, seeking to prohibit defendant from awarding a bridge construction contract to any firm other than itself. The petition sought both injunctive and declaratory relief. Defendants filed an exception of no cause of action, which the trial court sustained and dismissed plaintiff’s claim with prejudice. Plaintiff then took a devolutive appeal.
Defendants have now filed a motion to dismiss the appeal as moot. They submit that the contract has been awarded to Buc-hart-Horn, Inc. (a defendant), and that work thereunder began on December 21, 1981.
Thus, the issue before us is whether the appeal should be dismissed as moot, both as to the injunctive and declaratory relief.
The work to date is only a minute part of the total contract. Exhibit A of appellees’ motion authorizes work to begin only for Part 2 of Phase I and for a pre-design planning conference. Part 2 of Phase I is only a topographic survey. A pre-design conference is merely an initial meeting to determine design criteria. The project is one to construct a bridge and roads to service it, and the contract at issue is for all related engineering and land surveying services in connection therewith. It is a very extensive undertaking, as shown by the map provided in Exhibit B of the motion.
If the contract were totally or even mostly complete, the case would be moot as to injunctive relief. Cox v. Watts, 329 So.2d 917 (La.App. 1st Cir. 1976); Upper Audubon Association v. Audubon Park Commission, 329 So.2d 209 (La.App. 4th Cir.), writ denied, 333 So.2d 240 (La.1976). See also Sobolewski v. Brown, 405 So.2d 1254 (La.App. 4th Cir. 1981) and cases cited thereon. Even the petition for declaratory relief would fall for lack of a justiciable controversy. Upper Audubon Association v. Audubon Park Commission, supra; A to Z Paper Company v. Louisiana State Board of Education, 251 So.2d 643 (La.App. 1st Cir. 1971). See also Sierra Club v. Louisiana Department of Wildlife and Fisheries, 365 So.2d 880 (La.App. 4th Cir. 1978).
However, only a small portion of the work under the contract at issue has begun in the instant case. Phase III work is to be performed by Buchart-Horn, Inc., and represents 64.7% of the contract, which work has not as yet been authorized. Under the circumstances, the fact that performance of a small portion of the contract has already begun should not render the appeal moot. We find that appellant retains his right to appeal and this case is not moot. Taylor and Taylor Builders v. Moore, 393 So.2d 792 (La.App. 2nd Cir. 1981).
For the foregoing reasons, the motion to dismiss the appeal is hereby denied.
MOTION TO DISMISS APPEAL DENIED.