GAUDIN, Judge.
This is an appeal from a judgment of the 24th Judicial District Court refusing to set aside a release and indemnity agreement. The record does not contain a transcript nor is there either a statement of facts signed by opposing counsel or a narrative of facts prepared by the trial judge. As there is nothing for appellate review, we affirm the district court decree.
Actually, the only issue before us is whether to rely on the statutory law and jurisprudence and say that the appealed-from judgment is presumed to be supported by competent evidence and is therefore correct, or to remand the case, in the interest of justice, for preparation of a record.
This precise choice was presented in the Succession of Walker, 288 So.2d 328 (La.1974). The Second Circuit Court of Appeal, at 276 So.2d 372, had refused to remand, and the Supreme Court of Louisiana affirmed, saying:
“... we are unable to see what would be accomplished by a remand. Apparently, the only witnesses who testified at the trial of this matter were produced on behalf of the appellees. Presumably, this testimony would be favorable to them. Additionally, the deposition of Emma Garr was quite vague and indefinite. Also, appellants do not contradict the statement of appellees that the testimony was not transcribed. This being the case, there is nothing to include, should we remand. The only alternative would be a narrative of facts, and this must be done prior to appeal. Besides, it has been over a year and a half since the trial of this rule. Consequently, the securing of a narrative of facts would be most difficult at this late date.
“In view of the foregoing facts, we are unable to conclude that the circumstances warrant a deviation from the general rule set forth in the statutory law and jurisprudence. A remand in the interest of justice is not presented here.”
In the instant case, a motion to set aside a release and indemnity agreement was filed and then set for a hearing. When the motion was heard, no witnesses were called, no documentary evidence introduced and no depositions, affidavits or statements offered. Instead, the trial judge heard arguments of counsel for approximately an hour, which were not recorded, and rendered judgment denying the motion without assigning written reasons.
We cannot remand for preparation of a record as there is no record to prepare. The trial judge couldn’t create a narrative of facts based only on arguments of counsel.
An appellant has the burden of preparing the record for appellate review, as clearly set forth in LSA-C.C.P. arts. 2130 and *740 2131, or he must convince the appellate court that a remand for construction of the record, in the interest of justice, is procedurally proper.
Art. 2131:
“If the testimony of the witnesses has not been taken down in writing the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join in it, at any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.”
Here, appellant has neither produced a record susceptible of appellate review nor has he shown that a record could be produced on remand. Consequently, we must assume that the trial court’s judgment was supported by sufficient evidence and was correct. See Discon v. Saray, Inc., 265 So.2d 765 (La.1972).
AFFIRMED.