KLIEBERT, Judge.
This is a devolutive appeal brought by the Ormond Civic Association, plaintiff (hereafter Association), from the dismissal of its suit against the Parish of St. Charles, the St. Charles Parish Planning and Zoning Commission, Harold Holmes, the Director of St. Charles Parish Planning and Zoning Commission (collectively sometimes referred to as Government defendants) and Pauline Tassin, wife of/and John F. Cerise and G. John Cerise (collectively referred to as developer landowners) on an exception of res judicata. For the reasons which follow, we dismiss the appeal for mootness.
The petition was entitled “Petition for Declaratory Judgment” and prayed for a judgment which would (1) declare the construction of 120 apartment units and related buildings on Parcel 8-A of the Ormond Country Estates Subdivision in Destrehan, Louisiana, as unlawful because in violation of the St. Charles Zoning Ordinance enacted in 1981 and unauthorized because being constructed without first obtaining a preliminary certificate of zoning compliance; (2) order the Planning Director for the Parish of St. Charles to issue a stop work order to the developer landowners, pursuant to the provisions of the 1981 St. Charles Parish Zoning Ordinance or, alternatively, for an order directing the developer landowners to apply for a preliminary certificate of zoning compliance and to alter their construction plans and specifications so as to comply with the 1981 ordinance.
In its petition, the plaintiff alleges the developer landowners submitted to governmental authorities plans and specifications showing an intention to construct 420 apartment units on a 15 acre tract in Or-mond Estate. After the issuance of a permit, but prior to the commencement of construction of any apartment units, the Parish adopted a new zoning ordinance. Although the construction of the 420 units on the tract would not have violated the 1966 zoning ordinance which was in effect at the time the permit was issued, when construction commenced the construction of 420 units on the tract would violate the 1981 zoning ordinance. The petition alleges the construction of the 120 apartment units was unlawful because the permit issued for their construction was improperly issued. According to the allegations of the petition, under the provisions of the 1966 ordinance, the permit for the construction of the 420 apartment units had expired and the ordinance made no provision for the re-issuance of a permit for 120 units.
In response to the petition, the developer landowners filed an exception entitled “Exception of No Right of Action and Res Judicata.[1] The exception of no right of action was grounded in the contention the plaintiff possessed no special interest *1313 which might be impinged upon by the alleged actions or inactions of the defendants. The exception of res judicata was grounded in the previous dismissal of a suit entitled “Ormond Civic Association et al. v. Kevin Friloux, President of the St. Charles Parish Police Jury”, filed under Docket No. 25379 of the 29th. Judicial District Court. Following a hearing on June 6, 1983, the trial judge dismissed the exception of no right of action but maintained the exception of res judicata and therefore dismissed plaintiff’s suit with prejudice.
No evidence was taken during the hearing on the exceptions but, during the course of arguments of counsel, the trial judge ordered “incorporated” in this suit “all of the proceedings” in the suit previously filed and disposed of under Docket No. 25379 of the trial court. The only portions of these proceedings contained in the record before us, however, are transcripts of arguments made and testimony taken under Docket No. 25379 on February 8, 1983 and April 4, 1983. Neither the pleadings, judgment or exhibits filed in that action are in the record. A comparison of the plaintiffs allegations here, to the testimony given in the suit under Docket No. 25379, reveals discrepancies between the testimony of the witnesses and what the litigants now argue were the issues in the first suit. Thus, as presented, the record is insufficient for us to pass on the trial court’s decision on the exception.
Under those circumstances, in the interest of justice, remanding the case to supplement the record would be procedurally proper. LeBlanc v. Guidry, 444 So.2d 738 (5th Cir.1984). However, for the reasons hereafter stated, we dismiss the appeal for mootness.
During oral argument, the litigants agreed the 120 units for which plaintiff was seeking to have the court order the Parish to issue a stop work order have been completed and at the present time there are no other units being constructed. Further, the litigants agree the units presently on the site are not in violation of the 1966 or the 1981 zoning ordinances.[2]
Although counsel for plaintiff argues the present action is an action for declaratory judgment declaring the issuance of the permit for the 420 apartment units unlawful, his petition was not so framed. A mere reading of the petition shows its object was to have the court declare the construction of the 120 apartment units unlawful because being constructed without a proper permit and, once so declared, have the court order the Parish authorities to issue a stop work order. Thus, although labeled a suit for a declaratory judgment, in fact, it was a suit to stop the ongoing construction of the 120 apartment units. Since the plaintiff did not seek injunctive relief nor a suspensive appeal and the 120 units have been constructed and are not in violation of either zoning ordinances, the question involved in the suit, i.e., whether or not a stop work order should be issued is moot. Freret Civic Association v. Orleans Parish School Board, 223 La. 407, 65 So.2d 893 (La.1953); Graham v. Congregation of St. Rita Roman Catholic Church, 146 So.2d 666 (4th Cir.1962), writs denied 1/14/63.
Accordingly, the appeal is dismissed. Each party is to bear his own cost of the appeal.
DISMISSED.

. Other exceptions as to plaintiff's capacity were filed and disposed of but are not material to the appeal.

. None of these ordinances are in the record before us.