STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-589

JEANIE'S TRUCKING, L.L.C .

VERSUS

JEFFERSON DAVIS PARISH POLICE JURY

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-725-09
HONORABLE STEVE GUNNELL, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of John D. Saunders, J. David Painter, and Shannon J. Gremillion, Judges.

AFFIRMED.

Timothy Michael Cassidy
Cassidy & Gunnell
P.O. Box 1446
Jennings, LA 70546
(337) 824-7322
Counsel for Plaintiff/Appellee:
Jeanie's Trucking, L.L.C.

David Paul Bruchhaus
Assistant District Attorney
31st Judicial District
P.O. Box 558
Jennings, LA 70546
(337) 824-5063
Counsel for Defendant/Appellant:
Jefferson Davis Parish Police Jury

**GREMILLION, Judge.**

This action arises from the injunctive relief granted in favor of plaintiff/appellee, Jeanie's Trucking, L.L.C., against the Jefferson Davis Parish Police Jury, prohibiting the police jury from interfering with appellee's operation of its business in Jennings, Louisiana. For the reasons that follow, we affirm.

**FACTS**

On January 25, 1989, the Jefferson Davis Parish Code was amended to adopt Chapter 21, a series of zoning ordinances. On April 22, 1992, the police jury granted the request of Gerald Hobson, Sr. and Jeanie Hobson to change the zoning of a lot located at 4026 Aaron Road, Jennings, Louisiana, from an A-1 designation to a C-1 designation.[1] The stated purpose of the request for zoning change was for the operation of an automobile dealership. The property, though, was never used for that purpose.

Before the rezoning of the property in 1992 to C-2, J&G Trucking had operated as a common carrier and was certified as such by the Interstate Commerce Commission in 1987. The Hobsons, doing business as J&G Trucking, and later under the L.L.C., have operated an automobile transport business for many years from the Aaron Road location. They leased the property from Mr. Nick Carter until they purchased it from him in or about 2005.

In 2009, Mr. Hobson was notified by the 31st Judicial District Attorney that his operation of a "truck terminal" was not in keeping with the property's zoning. Should he wish to continue operating a "truck terminal," Hobson was advised, he should

---

[1] An A-1 zoning designation allows agricultural single-family uses, mixed agricultural/residential uses, and multi-family residential uses. A C-1 designation allows a variety of commercial uses, including auto and truck sales, service, and rental.

apply for re-zoning to an I-1 designation.[2]   A request for change of zoning to I-1 was filed by Mrs. Hobson on behalf of Jeanie's Trucking, L.L.C., on July 20, 2009. The police jury denied that request on September 9, 2009.

After the police jury denied Mrs. Hobson's request to re-zone the property to I-1, Jeanie's Trucking filed suit against the police jury seeking a temporary restraining order, preliminary injunction, permanent injunction, mandamus, and declaratory relief.  Specifically, Jeanie's Trucking asserted that the police jury arbitrarily and capriciously denied its request to re-zone the property and that the use of the property since 1984 in the transport business prevented the police jury from enforcing the zoning ordinances against that use.  The trial court received evidence and heard testimony in the matter on October 28, 2009, and issued reasons for judgment in Jeanie's Trucking favor on December 4, 2009.  In those reasons, the trial court found that the property's use was consistent for many years before the zoning ordinances were adopted.  Therefore, the trial court declared Jeanie's Trucking use legally non-conforming and enjoined the police jury from interfering with Jeanie's Trucking business at the Aaron Road location.  Because the evidence at trial demonstrated that there were legitimate concerns for public safety and welfare expressed at the police jury's hearing on the zoning change request, the trial court found that the police jury was not arbitrary or capricious in denying the request.  The police jury then perfected this appeal.

**ASSIGNMENTS OF ERROR**

The police jury asserts that the trial court erred in granting a permanent injunction and in determining that Jeanie's Trucking use was legally non-conforming

---

[2] An I-1 designation allows certain light industrial uses, such as automotive and truck repair, transit vehicle storage and servicing, and "truck terminals."

as defined in the Jefferson Davis Parish Code.

**ANALYSIS**

Local governmental subdivisions are empowered to adopt regulations for zoning, which the state constitution declares to be a public purpose. La.Const. art. VI, §17. The legislature has further enacted legislation regarding the adoption of zoning regulations. *See* La.R.S. 33:4780.40, et seq. Zoning ordinances enacted by governing authorities and the acts of their zoning commissions, boards of adjustment, or zoning administrators are subject to judicial review on the grounds of abuse of discretion, unreasonable exercise of police powers, excessive use of the power herein granted, or the denial of the right of due process. La.R.S. 33:4780.40. "The actions of a zoning commission will not be disturbed on judicial review unless the court finds that they were plainly and palpably unreasonable, arbitrary, an abuse of discretion, or an unreasonable exercise of police power." *Jenkins v. St. Tammany Parish Police Jury*, 98-2627, p. 6 (La. 7/2/99), 736 So. 2d 1287, 1291.

Non-conforming uses are established to protect the landowner's use of his property prior to the enactment of zoning ordinances. A party urging that an owner has lost the right to continue a non-conforming use bears the burden of proving that right has been lost. *City of New Orleans v. Elms*, 566 So.2d 626 (La.1990). Whether a non-conforming use has been lost is a matter of interpretation of the applicable zoning ordinances. A trial court's finding that a non-conforming use has or has not been lost is subject to review under the manifest error/clearly wrong standard. *Deshotel v. Calcasieu Par. Pol. Jury*, 323 So.2d 155 (La.App. 3 Cir. 1975), *writ denied*, 326 So.2d 371 (1976).

The resolution of the present matter involves an analysis of whether the request

3

for a zoning change in 1992 discontinued the legality of Jeanie's Trucking nonconforming use. Jefferson Davis Parish Code sections 21-15 thru 21-24 govern nonconforming uses. None of these sections provide for the discontinuance of a nonconforming use when the owner applies for a zoning change. The focus of these sections is on the manner in which the property is actually being used. Nothing in the record suggests that this property has been put to any use since adoption of the zoning ordinances other than its current use. Therefore, as defined by the Jefferson Davis Parish Code, Jeanie's Trucking did not abandon its nonconforming use by applying for the zoning change in 1992. The trial court's finding of a legal nonconforming use is reasonably supported by the record and is not manifestly erroneous/clearly wrong.

## CONCLUSION

The finding of the trial court that a nonconforming use by Jeanie's Trucking preexisted the adoption of the zoning ordinances is reasonably supported by the record. Legally, Jeanie's Trucking did not abandon its nonconforming use by applying for a zoning change in 1992, because the Jefferson Davis Parish Code does not provide for abandonment by such means. The judgment of the trial court is affirmed. Costs of the appeal are taxed to defendant/appellant, Jefferson Davis Parish Police Jury.

**AFFIRMED.**

4