SAMUEL, Judge.
In this matter relator, individually and on behalf of his minor children and his wife, filed a petition for a writ of mandamus seeking to have the court order the respondents to issue certain new birth certificates removing the race designation of Negro thereon (allegedly changed from white to Negro by the registrar) and changing the same to white. The petition further seeks to have LSA-R.S. 42:267, as amended, determined to be unconstitutional. The two respondents named in the petition are the Louisiana State Board of Health and the City of New Orleans, Health Department, Bureau of Vital Records. In due course an alternative writ of mandamus was issued and the respondents filed an answer and a reconventional demand.
After trial there was judgment ^n favor of relator and against the two respondents making the writ peremptory and ordering the City to issue new birth certificates designating the race as “white” or “Caucasian”. The City issued the new birth certificates as ordered by the judgment. The other respondent, the Louisiana State Board of Health, appealed from that judgment.
Relator has filed a motion to dismiss the appeal contending the entire matter has become moot as a result of the fact that the City has voluntarily and unconditionally acquiesced in the judgment by complying therewith, citing LSA-C.C.P. Art. 2085. The motion to dismiss is the only matter now before this court.
*82 Insofar as is pertinent here, LSA-C.C.P. Art. 2085 reads: “An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him.”
We note the quoted article only prohibits an appeal being taken by the party who has confessed judgment or who has voluntarily and unconditionally acquiesced in the judgment. The article therefore has no application to the appellant in this case, for it has neither confessed judgment nor acquiesced in the judgment from which it appeals.
Under LSA-C.C.P. Art. 2082 an appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court, and the rule that appeals are favored is too well established to require citation of authorities. In the instant case appellant is a party (it was made a respondent by the relator) and in the absence of some compelling reason to the contrary it does have a right to appeal. We know of no such reason. As no briefs have been filed nor arguments made on the merits of the appeal, we do not know the nature or extent of appellant’s contentions regarding the manner in which it claims to be aggrieved by the judgment. Accordingly, we will not dismiss the appeal.
For the reasons assigned, the motion to dismiss the appeal is denied.
Motion denied.