ON MOTION TO DISMISS
LOTTINGER, Judge.
Plaintiff-appellee, F. G. Sullivan, Jr., doing business as F. G. Sullivan, Jr., Contractor, has requested that this appeal, by intervener, Barber Brothers Contracting Company, Inc., be dismissed.
In the furtherance of a public highway project in the Parish of East Baton Rouge, the East Baton Rouge City-Parish Council advertised for bids. The funds for this project are to be derived from the adjoining property owners and from federal funds under the Federal Aid Project Program administered by the Louisiana Department of Highways. The Louisiana Department of Highways and the Federal Highway Administration must concur with the parish as to its recommendation of the acceptance of bids received prior to a contract being entered into with the lowest responsible bidder.
Plaintiff-appellee submitted the lowest bid, however, some question must have arisen as to the validity of his bid bond, in that his bid bond was written in terms of a written percentage of the bid amount instead of a bid bond in dollars and cents. Prior to a recommendation from the appropriate City-Parish department to the Council as to which bid should be accepted plaintiff filed a petition, in the Trial Court for a writ of mandamus seeking to have the City-Parish Council award to him the contract. Barber Brothers Contracting Company, Inc., the next lowest bidder, intervened averring that plaintiff’s bid was properly rejected due to irregularities contained therein. After a hearing, the Trial Judge issued the writ of mandamus directing the defendants to accept the bid bond of plaintiff as a legal statutory bid bond.
The City-Parish Council, pursuant to the judgment of the Trial Court, awarded the contract to the plaintiff-appellee, permitting him the opportunity to revise and amend his bid bond so as to put in the dollars and cents in lieu of the percentage figure, all contingent upon approval of the Louisiana Department of Highways and the Federal Bureau of Roads. It is apparent that the City-Parish has acquiesced in the judgment of the Trial Court, however, the intervener, Barber Brothers Contracting Company, Inc., has appealed from that judgment.
Plaintiff-appellee, in asking this Court to dismiss the appeal of Barber Brothers Contracting Company, Inc., contends that the question or questions presented to this Court are moot; that no appeal lies inasmuch as the defendant, City-Parish, has acquiesced in the judgment of the Trial Court, and therefore intervener cannot appeal from a judgment that has been acquiesced in; and the appellant-intervener has no standing to object to the Court’s judgment granting a more restricted or lesser relief than that prayed for by the plaintiff.
It is not the function of appellate courts to render judgments which cannot be made effective, nor to give opinions on moot questions. Brown v. Town of Lake Providence, 200 So.2d 764 (La.App. 2nd Cir. 1967). We must however determine whether this question is moot. Quite differently than this Court had before it in Cox v. Watts, 329 So.2d 917 (La.App. 1st Cir. 1976), No. 10646 on the Docket of this Court, there is no contention that the contract in question has been entered into, nor if it has been entered into, whether work has commenced, and if commenced, completed.
*910 Plaintiff-appellee argues that subsequent to his being awarded the contract, and prior to its submission to the Department of Highways for approval, he amended his bid bond to reflect an amount in dollars and cents rather than a percentage figure, and thus, the issue as to the sufficiency of the bid bond is moot. We do not agree. The sufficiency of the bid bond is the question before this Court on appeal.
It is further argued that even if this Court should reverse the Trial Court and disallow the writ of mandamus, that judgment could be of no moment because the Council could still award the contract to appellee. It may be true and arguable that the Council could still award the contract to plaintiff-appellee, but it is obvious to us from the record that it is highly questionable whether the Department of Highways would approve of the award. In brief, plaintiff-appellee concedes that even though this is a devolutive appeal, the Highway Board has withheld action pending this appeal. Therefore, we fail to see how there can be any mootness in this appeal.
Secondly, we cannot agree that because the City-Parish acquiesced in the judgment, the intervener has no right to appeal. After citing LSA-C.C.P. art. 2085 [1], plaintiff-appellee contends that appellant intervened pursuant to LSA-C.C.P. art. 1091 [2], joined with the defendant in resisting plaintiffs demand, but did not seek any different relief. Therefore, plaintiff-ap-pellee argues that under LSA-C.C.P. art. 1094[3], the intervener-appellant cannot now be heard to complain.
In Thomas v. Louisiana State Board of Health, 271 So.2d 81 (La.App. 4th Cir. 1972), a situation wherein the Louisiana State Board of Health and the City of New Orleans, Health Department, Bureau of Vital Records, were named as defendants, and after judgment, the City of New Orleans acquiescing, the State Board of Health appealing, in disposing of a motion to dismiss, Judge Samuel said:
“We note the quoted article [LSA-C.C. P. art. 2085] only prohibits an appeal being taken by the party who has confessed judgment or who has voluntarily and unconditionally acquiesced in the judgment. The article therefore has no application to the appellant in this case [Louisiana State Board of Health, a co-defendant], for it has neither confessed judgment nor acquiesced in the judgment from which it appeals.
“Under LSA-C.C.P. Art. 2082 an appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court, and the rule that appeals are favored is too well established to require citation of authorities. * * * ” (Emphasis by the Court).
We see no distinction between a co-defendant who has not acquiesced, and an intervener in the Trial Court who has not acquiesced, and therefore hold that the *911 acquiescence by City-Parish does not act as a bar to an appeal by plaintiff-appellee.
As to the plaintiff-appellee’s argument that LSA-C.C.P. art. 1094 prohibits an appeal, we cannot agree. In City of Natchitoches v. State, 221 So.2d 534 (La.App. 3rd Cir. 1969), reh. den. (1969), writ den., 254 La. 463, 223 So.2d 870 (1969), the Court found that the main function of LSA-C.C.P. art. 1094 was to require the intervener to take the case as he found it, and to prevent him from delaying its determination by raising technicalities or infor-malities personal to the original parties, by making defenses individual to the original parties which do not go to the merits of his own claim, or by objecting to the form of action or mode of procedure when the original parties have not done so. We do not find that LSA-C.C.P. art. 1094 is controlling in this case, nor intended to apply in such a situation.
Lastly, as to appellee’s argument that the appellant has no standing to object to the Court’s judgment granting a more restricted or lesser relief than prayed for by the plaintiff, we can find no justification. Even though the plaintiff had asked the Trial Court to order the City-Parish Council to award him the contract, he in essence was really asking that the Trial Court uphold the validity of his bid bond. The appellant argued the invalidity of the bid bond in the Trial Court, and this is the reason he has appealed.
Therefore, for the above and foregoing reasons, the motion to dismiss is denied at mover’s cost.
MOTION DENIED.
BLANCHE, J., dissents and will assign reasons.

. LSA-C.C.P. art. 2085 provides:
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.”

. LSA-C.C.P. art. 1091 provides:
“A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiff’s demand; or
(3) Opposing both plaintiff and defendant.”

. LSA-C.C.P. art. 1094 provides:
“An intervener cannot object to the form of the action, to the venue, or to any defects and informalities personal to the original parties.”