200 So.2d 764 (1967)
Owen S. BROWN, Publisher of the Banner Democrat, Plaintiff-Appellant,
v.
TOWN OF LAKE PROVIDENCE, Ford Land, Mayor, East Carroll Delta News, Inc., and A. C. Carlton, Publisher of East Carroll Delta News, Defendants-Appellees.
No. 10814.
Court of Appeal of Louisiana, Second Circuit.
May 29, 1967.
Rehearing Denied July 27, 1967.
Preaus & Yeldell, Fred Preaus, Bastrop, for appellant.
Voelker, Ragland & Fox, George F. Fox, Jr., Lake Providence, for appellees.
Before HARDY, AYRES and BOLIN, JJ.
HARDY, Judge.
This is an action for injunctive relief and plaintiff appeals from a judgment rejecting his demands after trial on the merits.
Plaintiff, publisher of the Banner Democrat, a newspaper of Lake Providence, Louisiana, instituted this suit naming as defendants the Town of Lake Providence, through its Mayor, the East Carroll Delta News, Inc., and A. C. Carlton, its publisher. Plaintiff prayed that the action of the Mayor and Board of Aldermen of the defendant Town of Lake Providence in naming the East Carroll Delta News as the official journal of said municipality be annulled and set aside; for an injunction prohibiting the defendant municipality, the said Town, its Mayor, Board of Aldermen and agents and employees from using the East Carroll Delta News as its official journal and prohibiting the East Carroll Delta News and its publisher from acting as the official journal, and, finally, for the issuance of a writ of mandamus ordering the Mayor and Board of Aldermen of the Town of Lake Providence to name an official journal properly qualified under the laws of the State of Louisiana.
On the basis of the showing made by plaintiff's petition a temporary restraining order issued and after hearing on the rule nisi a temporary injunction was granted. Following trial on the merits there was judgment dissolving the preliminary injunction *765 and plaintiff's demands for a permanent injunction and a writ of mandamus were also denied.
It is pertinent to note that the record contains a statement by the district judge following trial of the case that counsel for the parties agreed that no element of damages was involved in connection with this suit.
Plaintiff's action is based upon the contention that the East Carroll Delta News, which was selected as the official journal of the Town of Lake Providence, is not qualified under the provisions of LRS. 43:-142, which requires that a newspaper selected as an official journal be established, published and printed in a newspaper plant physically located in the Parish and which has been in existence in the Parish for a period of two years preceding the date of selection.
The record contains an excerpt from the minutes of the meeting of the Mayor and Board of Aldermen of the Town of Lake Providence held on December 8, 1966, which was offered and received in evidence. The excerpt reads as follows:
"* * * The Board discussed the matter, and having considered alternate courses of action such as letting bids, and having determined, insofar as presently possible, that the East Carroll Delta News did qualify, a motion was offered by Alderman White and seconded by Alderman Fortenberry and unanimously carried, that the East Carroll Delta News be appointed as the Town's Official Journal beginning January 1, 1967, and continuing in that capacity until the first meeting in June of 1967." (Emphasis supplied)
Reference to the calendar discloses that the days and dates of the month of June, 1967, are identical with those of the month of December, 1966. It therefore follows that the appointment of the East Carroll Delta News as the official journal of the Town of Lake Providence will expire not later than June 8, 1967.
This opinion will be handed down on May 29, 1967, and cannot, in any event, become final in less than fifteen days thereafter, which will be subsequent to June 8, 1967. It follows that the issue presented by this case will become moot prior to the finality of any judgment which might be pronounced by this Court.
It is well established that it is the function of appellate courts to render judgments which can be made effective and not to give opinions on moot questions. This principle was specially iterated in the opinion of Mr. Justice McCaleb in Hirt v. City of New Orleans, 225 La. 589, 73 So.2d 471, which cited Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660, and other authorities to the same effect. The principle was again pronounced and followed by the Supreme Court in Mirabeau Food Store v. Amalgamated Meat Cutters, 230 La. 921, 89 So.2d 392.
For the reasons assigned the appeal is dismissed at appellant's cost.