329 So.2d 917 (1976)
Ross E. COX
v.
Edgar L. WATTS, Jr., et al.
No. 10646.
Court of Appeal of Louisiana, First Circuit.
March 1, 1976.
Rehearing Denied April 12, 1976.
W. P. Wray, Jr., Baton Rouge, for appellant.
Jos. F. Keogh, City Parish Atty., and Edward V. Fetzer, Asst. City Parish Atty., Baton Rouge, for Parish of East Baton Rouge.
*918 Charles S. McCowan, Jr., Baton Rouge, for intervenor.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
BLANCHE, Judge.
This case is before this Court on a motion of intervenor-appellee, Santee Contracting Company, Inc., to dismiss the appeal of plaintiff-appellant, Ross E. Cox.
The facts giving rise to said appeal are as follows: Santee submitted the low bid to East Baton Rouge Parish to perform certain construction work on a public works project known as the "East Lateral, Cypress Bayou, Project No. 74-DR-CI-0104." Santee's bid contained certain irregularities which plaintiff brought to the attention of the appropriate authorities. On May 28, 1975, the City-Parish Council, East Baton Rouge Parish, waived the irregularities in the bid proposal and awarded the contract to Santee.
In view of the action taken by the Council, plaintiff sought injunctive relief against the Councilmen individually; W. W. Dumas, Mayor-President of the City and Parish of East Baton Rouge; Ray W. Burgess, Director of Public Works; and various other officials and departments of the City of Baton Rouge, Parish of East Baton Rouge, to prevent the said defendants from entering into the contract with Santee. Mandamus was also sought to require the aforesaid parties to award the contract to plaintiff. Both the issuance of the injunction and writ of mandamus were predicated on a finding in plaintiff's favor declaring the contract bid of Santee irregular according to applicable City-Parish ordinances and finding that plaintiff was the next low responsible bidder to whom the contract should be awarded.
Santee intervened as a third party plaintiff, seeking a declaratory judgment declaring that its bid was regular and should, therefore, be accepted by the City-Parish Council.
Prior to trial, the parties stipulated that should the rule nisi be recalled that a writ of mandamus should issue to the Mayor-President to compel the execution of the contract.
Trial was held pursuant to stipulated facts, and the court found that although the bid of Santee was irregular, the Council had a right to waive and did waive the irregularity. In Written Reasons for Judgment the court stated the rule nisi should be recalled and that the writ of mandamus would issue to the Honorable W. W. Dumas in his capacity as Mayor-President directing him to execute the subject contract.
Judgment was signed on August 18, 1975, and did recall, vacate and set aside the rule but failed to contain a provision in accordance with the stipulation and the Written Reasons for Judgment which would mandamus the Mayor-President to execute the contract.
From this judgment, writs were applied for to this Court and refused on July 22, 1975. Thereafter, judgment was signed on August 18, 1975, and from this judgment plaintiff has perfected this appeal. The appeal bond was filed on September 11, 1975.
Before us is Santee's motion to dismiss the appeal. Two grounds are alleged, namely, that the appeal was not perfected within fifteen days from the date of the judgment as required by LSA-C.C.P. Art. 3612 and that the case is now moot.
The allegation of mootness is set forth in Santee's motion to dismiss and states that it is undisputed that the Mayor-President signed the contract in question on the 10th day of July, 1975, and that the work commenced on the 22nd day of July, 1975, and is 55 percent complete.
Were the case not moot, plaintiff's appeal would have been timely taken as a devolutive appeal, because the parties stipulated that the judgment rendered by the *919 trial court was also on the merits, i. e., as to the permanent injunction, and appellant's suit was dismissed. Calhoun v. State Department of Highways, 152 So.2d 866 (La.App. 3rd Cir. 1963). See, also, Certified Finance Company v. Jones, 191 So.2d 188 (La.App. 3rd Cir. 1966).
The relief sought by plaintiff is injunctive, as he seeks a judgment to enjoin the Mayor-President from signing the contract with Santee. There is no prayer for damages. Furthermore, he stipulates that if he is unsuccessful and his rule for an injunction is recalled that the court should mandamus the Mayor-President to sign the contract with Santee. Santee's motion to dismiss states that the contract has been signed and the work 55 percent completed. Plaintiff does not challenge this statement and he cannot, because, to the contrary, in brief, he admits that the Mayor-President signed the contract one month before judgment was signed in the trial court. Now, in the face of the foregoing, what injunctive relief can this Court give if the contract has been signed and at this writing work under the contract probably completed? The answer is none, as the issue presented by the injunction, i. e., a prohibition against the signing of a contract, has been accomplished and it is beyond our power to give the relief prayed for.
The principle of law governing this case is set forth in Brown v. Town of Lake Providence, 200 So.2d 764 (La.App. 2nd Cir. 1967), and the authorities cited therein:
"It is well established that it is the function of appellate courts to render judgments which can be made effective and not to give opinions on moot questions." (200 So.2d at 765)
However, plaintiff argues that due to the confusion as to the meaning of the City-Parish ordinances relating to public contracts if we decline to decide the issue now we will only be faced with the identical question at some later date.
This is not a proper proceeding in which to obtain an advisory opinion or a declaratory judgment to guide the City-Parish action relative to contract bids in the future. See Morehouse Parish Police Jury v. Wild Life & Fisheries Commission, 199 So.2d 542 (La.App.4th Cir. 1967).
Accordingly, the motion to dismiss is granted, at the cost of plaintiff-appellant.
Appeal dismissed.