359 So.2d 1348 (1978)
Mrs. Terry W. LYONS and Mrs. Robert P. Mayer, Sr.
v.
AVONDALE SHIPYARDS, INC., et al.
No. 9305.
Court of Appeal of Louisiana, Fourth Circuit.
June 13, 1978.
Randell O. Lewis, Hackman & Lewis, Boutte, for plaintiffs-appellants.
Dominic J. Gianna, of Hammett, Leake, Hammett, Hulse & Nelson, New Orleans, for defendant-appellee.
Before REDMANN, LEMMON and BOUTALL, JJ.
BOUTALL, Judge.
Alleging that Terry W. Lyons was killed while working at Avondale Shipyards, Inc. on April 9, 1976, his widow, on behalf of herself and the minor children, and his mother brought a suit against Avondale Shipyards, Inc. for damages because of his death. Avondale Shipyards, Inc. filed an exception of no cause of action based on *1349 immunity from suit in tort because it was the employer of the decedent. See L.R.S. 23:1032; 33 U.S.C.A. § 905(a). The trial judge maintained the exception dismissing the suit against Avondale and plaintiffs appeal.
The sole issue on this appeal is whether the trial judge erred in dismissing plaintiffs' suit and failing to give plaintiffs an opportunity to correct their petition. C.C.P. Article 934. Appellants contention is thus stated in brief:
"In the instant case the exception of no cause or right of action was granted because Avondale Shipyards was the employer of the plaintiff's deceased husband, however, plaintiff could still state a cause of action against Avondale Shipyards, Incorporated by alleging that the damages resulted from an intentional act or from an act which arose outside of the course and scope of the employment."
We quote plaintiffs' brief because it actually demonstrates the speculative nature of his position. Article 934 is designed to afford a meritorious plaintiff an opportunity to correct defects in his pleadings, not to speculate on unwarranted facts of a contrary nature, which counsel may furnish as a means of somehow getting into court without regard to the true facts surrounding plaintiffs' cause of action. We see no need to discuss this matter except to say that, considering appellants' assertion quoted above, and the fact that the attorney was not even present at the hearing of the exception in the trial court, this appeal amounts to a frivolous appeal.
The judgment is affirmed at appellants' costs.
AFFIRMED.