COVINGTON, Judge.
The question which appellant asks is whether a divorced husband may require the maintenance of a trust, and prohibit the alienation of the corpus of a community property settlement, where he has alleged that the funds might otherwise be depleted by his former wife, thereby exposing him to the payment of permanent alimony.
The case, and the theory advanced by the plaintiff-appellant, is novel and of first impression so far as we know.
Plaintiff-appellant and defendant-appel-lee, who answered the appeal and prayed for damages for a frivolous appeal, were married in 1950, judicially separated in 1963 and divorced on December 15, 1964. In connection with the property settlement, the wife received, inter alia, $190,000.00 in cash and/or securities, which sum was placed in a Trust with Whitney National Bank, with the bank as trustee. Under its terms, the trust terminated on December 15, 1979. However, at appellant’s request, appellee extended it to January 15, 1980. On January 11, 1980, Mr. Favrot sued the defendant, asking for a temporary restraining order, which he obtained upon furnishing bond, and for a preliminary injunction and a permanent injunction, prohibiting the defendant, her agents, attorneys, et cetera, from terminating the trust or removing the corpus therefrom. In his petition, he alleged that: “Depletion of the corpus of the trust will irreparably injure petitioner in that he will be exposed [to] permanent alimony for the support of defendant Manette Favrot.”
*88 The matter was then set down for hearing on January 18 on the preliminary injunction. On January 17, defendant moved to dissolve the restraining order and asked for damages for harassment, anguish and distress, and attorney’s fees. She further alleged that the plaintiff has no proprietary interest in the property.
At the hearing on January 18, defendant moved, in open court, that the motion to dissolve be treated as an exception of no cause of action or an exception of no right of action; plaintiff’s counsel agreed to that treatment of the pleading. After argument of counsel, the trial judge sustained the defendant’s exceptions, dissolved the temporary restraining order, and reserved to the defendant the right to move the court for damages, including attorney’s fees. On January 28, appellant moved for and obtained an order of devolutive appeal. Although the formal judgment does not allude to plaintiff’s request for a preliminary injunction, the comments of the judge, in open court at the conclusion of the hearing, include the statement that “. . . consequently the Court . . . will deny the motion for the preliminary injunction.” This is noted because of the fact that under LSA-C.C.P. article 3612 an appeal will not lie from an order relating to a temporary restraining order; it will lie from an order relating to a preliminary injunction.
However, as stated above, the Trust, as extended, terminated on January 15, 1980. Since injunctive relief has been denied, no impediment or restraint exists to appellee receiving the corpus under the Trust. It is thus beyond our power to give the relief sought by appellant. Cox v. Watts, 329 So.2d 917 (La.App. 1 Cir. 1976). Here, there is nothing to maintain, restrain or enjoin. As stated in Brown v. Town of Lake Providence, 200 So.2d 764, 765 (La. App. 2 Cir. 1967):
“It is well established that it is the function of appellate courts to render judgments which can be made effective and not to give opinions on moot questions.”
Hence, we do not consider moot questions on appeal. Coile v. Coile, 350 So.2d 934 (La.App. 2 Cir. 1977), writ denied, 352 So.2d 1047 (La.1977). This appeal is, therefore, dismissed at appellant’s costs.
The court is of the further opinion that the appeal is patently frivolous, and awards defendant-appellee $1,600.00 in attorney’s fees. LSA-C.C.P. art. 2164.
The right of the defendant-appellee to seek damages is reserved. Plaintiff-appellant is cast for costs.
APPEAL DISMISSED.
COLE, J., concurs in the result.