CHIASSON, Judge.
Plaintiff-appellant, Harry Lloyd Bissett, appeals the judgment of the trial court sustaining the peremptory exception of res judicata filed by defendant-appellee, Florence Orillion Bissett. Appellant contends the trial court erred in not allowing him to amend his petition so as to remove the grounds for the exception.
In 1978 appellee obtained a divorce from appellant. The trial court dismissed appellant’s reconventional demand, found that appellee was without fault and awarded her permanent alimony. No appeal was taken from that judgment.
On April 30, 1979, Appellant filed suit against appellee in suit number 15,660, Division “C”, Eighteenth Judicial District Court, praying that the judgment of divorce be annulled because of fraudulent testimony on the part of the defendant. A xerox copy of suit number 15,660 was filed and given suit number 15,661, and was assigned to Division “A” on the same day. Suit number 15,660 was dismissed with prejudice on May 9, 1979, on the motion of Mr. Bis-sett, the plaintiff. Defendant-appellee then filed a peremptory exception of res judicata in suit number 15,661 which was sustained by the district court.
The question on this appeal is whether the trial court erred in not allowing the appellant an opportunity to amend his petition. The peremptory exceptions are listed in Article 927 of the Code of Civil Procedure as follows:
“The objections which may be raised through the peremptory exception include, but are not limited to, the following:
*206 (1) Prescription;
(2) Res judicata;”
* ‡ sfc sfc # sjc
When a court hears an exception of res judicata it must follow the procedure set forth in Article 934 of the Code of Civil Procedure, which provides:
“When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.”
The mandate of this article is discussed in two Fourth Circuit Court of Appeal cases: Southern Wheel & Rim Service, Inc. v. Champion Machine Works, Inc., 283 So.2d 328 (La.App. 4th Cir. 1973) and Lyons v. Avondale Shipyards, Inc., 359 So.2d 1348 (La.App. 4th Cir. 1978).
In the Southern Wheel case, supra, the court states:
“A close reading of the provisions of Article 934, supra, and the relevant jurisprudence of this State, shows conclusively that the trial judge must first determine whether or not the grounds for objection, as covered by the peremptory exception, can be removed by amendment. If this preliminary decision be answered in the affirmative, the trial judge must then provide additional time for amendment of the petition.”
In the Lyons decision, supra, the court emphasizes that:
“... Article 934 is designed to afford a meritorious plaintiff an opportunity to correct defects in his pleadings, not to speculate on unwarranted facts of a contrary nature, which counsel may furnish as a means of somehow getting into court without regard to the true facts surrounding plaintiffs’ cause of action... . ”
See the discussion in Menard v. Associated Royal Crown Bottling Co., 249 So.2d 363 (La.App. 4th Cir. 1971) and Oby v. Flanagan, 356 So.2d 1047 (La.App. 1st Cir. 1977).
The trial court is therefore under an affirmative duty to determine whether the grounds for sustaining the exception can be removed by a meritorious plaintiff.
There is no question that suit number 15,661 is the identical suit of 15,660. Since 15,660 was dismissed with prejudice by the plaintiff-appellant, suit number 15,661 would be barred under the doctrine of res judicata.
We need then to determine if the trial court was correct in refusing to allow the appellant a delay within which to amend his petition. Appellant asserted that he could introduce other acts of fraud on the part of the appellee and add additional parties to the suit so as to defeat the exception.
Whether what appellant alleges can be construed as removing the grounds of the exception is the focal point of this case. A quick review of the doctrine of res judicata and the cases construing it is appropriate.
Louisiana Civil Code Article 2286 forms the basis for the doctrine, which provides:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
The three elements of this doctrine have all been defined by the following jurisprudence: (1) Demand must be the same. Sewell v. Argonaut Southwest Ins. Co., 362 So.2d 758 (La.1978); Scurlock Oil Company v. Getty Oil Company, 294 So.2d 810 (La.1974). (2) Demand must be founded on the same cause of action. Mitchell v. Bertolla, 340 So.2d 287 (La.1976); Sliman v. McBee, 311 So.2d 248 (La.1975); Scurlock Oil Company v. Getty Oil Company, supra. (3) Demand must be between the same parties. Welch v. Crown Zellerbach Corp., 359 So.2d 154 (La.1978); Scurlock Oil Company v. Getty Oil Company, supra.
If any one of these three elements is not the same in the second suit or if any one *207 element can be removed by an amendment to the petition, then the grounds for the exception would not be present. In the latter instance, the trial judge should allow a delay for amending the petition.
Appellant, even by amending his petition, will be seeking the same demand, i. e., the annulment of the divorce judgment. The only parties to this action can be the present plaintiff and defendant so that the parties will be identical. This leaves the appellant trying to seek annulment of this judgment on a different cause of action.
“Cause of Action” in Article 2286 of the Civil Code has been generally interpreted to mean “cause.” Mitchell, supra, page 291. As described in the Mitchell case:
“The cause is said to be the juridical or material fact which is the basis of the right claimed, or the defense pleaded. 2 Planiol, Traite Elementaire De Droit Civil, 34 (11 ed. 1939). Stated otherwise:
‘. . . Cause is the principle upon which a specific demand is grounded while cause of action embraces the cause and the demand, and is related to the party making the demand. . .. ’ Maloney, Preclusion Devices in Louisiana: Collateral Estoppel, supra, at 165, footnote 41.”
The fraud that was alleged in both suits was the alleged perjured testimony of the defendant and of her witnesses. Appellant stated in the hearing and in brief that he could show other acts of fraud committed by the defendant to annul the judgment.
The fraud in this case is the “cause” or the “cause of action” that the demand is founded on. Whether the fraud is proven by one act of the appellee or many acts of the appellee, it is still one cause. The appellant cannot defeat the exception of res judicata by simply alleging other acts which might constitute the same cause.
With only these allegations presented by the appellant, the trial court’s decision to dismiss suit number 15,661 on the exception of res judicata without allowing appellant the right to amend his petition was correct.
For these reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.