542 So.2d 168 (1989)
JENSEN CONSTRUCTION COMPANY
v.
DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, State of Louisiana, Neil L. Wagoner and Rosiek Construction Company, Inc.
No. CA 88 1595.
Court of Appeal of Louisiana, First Circuit.
April 11, 1989.
Writ Denied June 2, 1989.
*169 Neil L. Wagoner, Secretary, Dept. of Transp. and Development, and William J. Doran, Jr., Baton Rouge, for plaintiffs-appellees Dept. of Transp. et al.
David J. Krebs, Timothy D. Scandurro, New Orleans, for Rosiek Const. Co. appellee.
Shelly C. Zwick, Baton Rouge, for defendant-appellant Jensen Const. Co.
Before COVINGTON, C.J., and LOTTINGER and FOIL, JJ.
FOIL, Judge.
This appeal challenges the action of the trial court in sustaining an exception of lis pendens and dismissing the lawsuit. We hold the trial court properly maintained the exception, and affirm.

INTRODUCTION
The Louisiana Public Contracts Law requires that work done by a public entity be advertised and let by contract to the "lowest responsible bidder." La.R.S. 38:2212. In 1987, defendant, State of Louisiana, Department of Transportation and Development (DOTD), advertised for and received six bids for the construction of a bridge. Rosiek Construction Company (Rosiek) submitted the lowest bid. Rosiek's bid spawned two lawsuits, brought by the second lowest bidder, Jensen Construction Company (Jensen). In the first lawsuit, Jensen sought a declaration that Rosiek's bid was illegal, an injunction prohibiting DOTD from entering into a contract with Rosiek, and a Writ of Mandamus ordering DOTD to execute the contract with Jensen. The trial court rejected Jensen's claim that Rosiek's bid was illegal and refused to enjoin DOTD from executing the contract with Rosiek. Subsequently, DOTD executed the contract with Rosiek.
Following the execution of the contract, but before the delay for taking a devolutive appeal in the first suit had expired, Jensen filed the present lawsuit, seeking to have the DOTD-Rosiek contract annulled and to be awarded the contract with DOTD. Defendants filed exceptions of lis pendens, which were maintained by the trial court. Jensen did not timely appeal the judgment in the first lawsuit.

FACTS
Jensen filed the former lawsuit on January 28, 1988, against DOTD, in the 19th Judicial District, Parish of East Baton Rouge. The case, docket number 326,288, was assigned to Judge Brown. Although Rosiek was not named as a party in this lawsuit, Rosiek did file an amicus curiae brief in defense of its bid. Significantly, on January 29, 1988, DOTD awarded the contract to Rosiek.
In the first lawsuit, Jensen sought to have Rosiek's bid declared invalid on the basis that the bid proposal submitted by Rosiek violated the Public Contracts Law, La.R.S. 38:2211, et seq., as well as the guidelines and policies established by *170 DOTD in three respects. First, Jensen charged that Rosiek's bid had not been countersigned by a resident agent of a surety licensed in Louisiana, prior to submission of the proposal, in violation of La. R.S. 38:2218(B).[1] Jensen complained that DOTD waived this requirement, considering it an "informality," and allowed Rosiek to cure the deficiency three weeks after the bids were opened. Secondly, Jensen asserted that the bid bond was not in a form similar in all respects to the bond supplied in the proposal. Thirdly, Jensen claimed the bid bond was for an indeterminate amount, and thus violated La.R.S. 48:253.[2]
Because of the foregoing deficiencies in the bid and DOTD's past actions regarding similar deficiencies, Jensen in essence argued DOTD acted arbitrarily and exhibited favoritism in accepting Rosiek's bid, in contravention of the Public Contracts Law. In an attempt to support the claim of arbitrary conduct, Jensen argued it was DOTD's policy to reject bids with irregularities similar to those in Rosiek's bid. Additionally, Jensen introduced evidence of DOTD's past out-right rejections of bids with the same type of deficiencies present in the Rosiek bid.
With respect to the relief sought, Jensen claimed it was entitled to a declaratory judgment finding the bid of Rosiek in violation of the Public Contracts Law. In accordance with La.R.S. 38:2220(B),[3] Jensen prayed for preliminary and permanent injunctions to enjoin DOTD from entering into the contract with Rosiek. Finally, Jensen requested the court to issue a Writ of Mandamus ordering DOTD to award the contract to it.
Following a full trial, the trial court refused to enjoin DOTD from executing the contract with Rosiek. The court rejected Jensen's claim that Rosiek's bid violated the Public Contracts Law, finding one of the alleged deficiencies was merely procedural rather than substantive. The court also read the condition limiting the surety's liability out of the bid proposal, and thus conformed the bid to the statutory requirements of the Public Contracts Law. Additionally, the court specifically considered Jensen's allegations of arbitrary conduct on the part of DOTD given DOTD's policies and its past rejections of bids similar to Rosiek's, and found no favoritism on the part of DOTD.
Subsequently, on March 7, 1988, DOTD and Rosiek executed the contract. Jensen's request for a new trial, filed on March 9, 1988, was denied by the trial court on April 25, 1988. Jensen filed the present lawsuit on June 1, 1988, in the 19th Judicial Court, Parish of East Baton Rouge, seeking to annul the contract and to be awarded the contract. Named defendants to this suit were DOTD and Rosiek. Because the delay for taking a devolutive appeal from the former judgment had not expired when the present lawsuit was filed, defendants filed exceptions of lis pendens, requesting that the present action be dismissed.
In the present lawsuit, Jensen again alleged that Rosiek's bid was in contravention of the Public Contracts Law on the same bases asserted in the former lawsuit. Jensen also alleged that DOTD's acceptance of the bid constituted favoritism and *171 arbitrary conduct based on events subsequent to the judgment in the first lawsuit. Specifically, Jensen alleged that since the award of the contract to Rosiek, DOTD publicly announced its policy that bid proposals will be considered irregular and rejected if the bid bond is not countersigned by a Louisiana licensed resident agent or if it contains conditions limiting the surety's liability, two of the irregularities contained in Rosiek's bid. Jensen further alleged that since the award of the contract, DOTD ruled at least one low bid to be irregular and rejected it on the sole basis that the surety on the bid bond limited its liability to an amount less than that fixed by DOTD and stated in the bid advertisement.
Judge Higginbotham maintained defendant's exceptions of lis pendens, stating that although one suit sought to enjoin execution of the contract and the other to annul an executed contract, the issue in both suits ultimately remained the same. Both suits questioned whether it was proper for DOTD to accept the Rosiek bid in the form in which it was received. Thus, because the first lawsuit thoroughly litigated the issue arising in the second lawsuit, the court dismissed the second lawsuit. We are asked to determine whether the second lawsuit was properly dismissed by the trial court on an exception of lis pendens.

LIS PENDENS
La.Code Civ.Proc. art. 531 provides, "When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendants may have all but the first suit dismissed" by an exception of lis pendens. The test for lis pendens is the same as that for res judicata; thus, an exception of lis pendens should be sustained if it is found that a final judgment rendered in the first suit would be res judicata in the second suit. Daul Insurance Agency, Inc. v. Parish of Jefferson, 447 So.2d 1208 (La.App. 5th Cir.1984). The doctrine of lis pendens precludes a plaintiff from litigating a second lawsuit when there is (1) an identity of parties; (2) an identity of "cause;" and (3) an identity of the thing demanded. Welch v. Crown Zellerbach Corporation, 359 So.2d 154 (La.1978); Daul, supra at 1210, 1211. The preclusion doctrines are stricti juris; thus, any doubt concerning the application of res judicata or lis pendens must be resolved against their application. Hancock v. Lincoln American Life Insurance Company, 278 So.2d 561, 564 (La.App. 1st Cir.), writ denied, 281 So.2d 754 (La.1973).

IDENTITY OF PARTIES
Jensen contends the requirement that there be an identity of parties in the two lawsuits is not met in this case because Rosiek was not a party to the former action and is a party to the present action. Jensen submits Rosiek could not have been made a party to the first action since it had no cause of action against Rosiek prior to the execution of the contract, whereas, in the present action, Rosiek is an indispensable party. Further, Jensen argues DOTD and Rosiek do not share the same "quality" as parties, as they are on opposite sides of an arms-length agreement and have rights against one another, rather than derivative rights.
The jurisprudence does not demand that the parties in the two lawsuits be physically identical. The "identity of parties" requirement is met whenever "the same parties, their successors, or others appear so long as they share the same `quality' as parties". Welch, supra at 156.
With respect to the only issue in both lawsuits, that is, the validity of the Rosiek bid, DOTD and Rosiek share identical interests. DOTD, in defending the validity of the bid and therefore its actions in accepting the bid, fully represented Rosiek's interest in having its bid declared valid. Rosiek's right to the contract at issue in the second suit derived from DOTD's right to award the contract to it, which was litigated and ultimately adjudicated in the first lawsuit. Thus, both DOTD and Rosiek share a mutuality of interest in the validity of the bid, and for the purposes of lis pendens, share the same "quality" as parties. Rosiek's physical absence as a party *172 in the first action, therefore, does not defeat the exception of lis pendens.

IDENTITY OF CAUSE
The term "cause" for the purposes of the requirement that the two actions share an "identity of cause" has been defined in the jurisprudence as "the principle, based upon juridical or material fact, which is the basis for a specific demand and is related to the party making the demand." Safeco Insurance Company of America v. Palermo, 436 So.2d 536, 537 (La.1983); Mitchell v. Bertolla, 340 So.2d 287, 291 (La.1976). Jensen asserts this requirement is not met because the execution of the contract by DOTD and Rosiek gave rise to a new and different cause of action, namely, a suit to annul the execution of that contract. Further, Jensen argues that the present case is not based on the same material facts as were present in the former suit.
Specifically, Jensen asserts the material facts forming the basis of the present demand are certain acts committed by DOTD subsequent to the first suit. Jensen principally relies on DOTD's public announcement it would reject bids with two of the same irregularities contained in the Rosiek bid as well as DOTD's alleged out-right rejection of a low bid with one of the deficiencies in the Rosiek bid. Jensen argues these wrongful acts, committed between suits, provide new legal grounds for a suit to annul the contract, and thus constitute a new "cause", thereby defeating the application of lis pendens to bar the present suit.
We disagree. We discern Jensen's assertion that DOTD could not legally accept Rosiek's bid to be the principle upon which the first suit was based. This principle, in turn, was based on the provisions of the Public Contracts Law, DOTD's published regulations, and DOTD's alleged arbitrariness in accepting the Rosiek bid in light of its past policies to reject similar bids and its out-right rejections of bids with similar deficiencies. The principle upon which Jensen's second suit is based is that DOTD could not legally accept Rosiek's bid. This principle is based on the same assertion of arbitrary conduct, given DOTD's actions, subsequent to the filing of the first lawsuit, in announcing its policy to reject bids with the same irregularities and its out-right rejection of a bid with similar irregularities. In our opinion, although the alleged acts may have occurred subsequent to the filing of the first lawsuit and were not actually litigated therein, the first suit addressed identical claims of arbitrariness and rejected these claims. Thus, for all practical purposes, Jensen's petition in the second suit does not state a new "cause".
In a similar situation, this court established the rule that a plaintiff will not be allowed to bring a second suit and attempt to avoid the application of res judicata by merely pleading "new facts" which might constitute the same cause. In Bissett v. Bissett, 393 So.2d 205 (La.App. 1st Cir. 1980), the plaintiff filed the first suit seeking to annul a divorce judgment on the basis of fraud. This suit was dismissed with prejudice. The plaintiff filed a second suit, claiming additional acts of fraud could be shown to annul the judgment. This court held res judicata applied so as to bar the second suit, finding, "[t]he fraud in this case is the `cause' or the `cause of action' that the demand is founded on. Whether the fraud is proven by one act of the appellee or many acts of the appellee, it is still one cause. The appellant cannot defeat the exception of res judicata by simply alleging other acts which might constitute the same cause." Id. at 207. In the same manner, the alleged arbitrariness of DOTD was part of the "cause" of the first suit, and Jensen now seeks to allege additional acts which constitute the same cause. Additionally, allowing an unsuccessful aggrieved bidder to file new lawsuits based solely on future actions with respect to other bidders and DOTD's future policies would lead to absurd results. This is exactly the type of maneuver the preclusion devices are intended to prevent. Because we find the allegations forming the basis of the first and second lawsuits constitute the same "cause", we conclude the "identity of cause" requirement is met.

*173 IDENTITY OF THE THING DEMANDED
Jensen argues the requirement of identity of the thing demanded is not met because the object of the first suit was to enjoin the execution of the contract, whereas, the object of the second suit is to annul an executed contract. Jensen asserts, by the second lawsuit, it is seeking annulment of the contract on new and independent grounds based on DOTD's actions subsequent to the filing of the first suit (the "new" allegations have been discussed above) and thus, the two suits have different objects.
Jensen further argues the two actions do not share the same object because the relief available in both was different. Jensen submits it was foreclosed from appealing the first judgment because of the execution of the contract, whereas, it could appeal an adverse decision in the second action. Jensen argues the formation of the contract by DOTD rendered its first petition moot and thus defeated any possibility of appealing the first judgment.
In support of this position, Jensen relies on Cox v. Watts, 329 So.2d 917 (La.App. 1st Cir.1976). In Cox, the plaintiff sought to enjoin a city council from entering into a public works contract with a low bidder based on irregularities in the bid proposal, as well as a Writ of Mandamus awarding the contract to him. One month prior to the decision of the trial court, the city council executed the contract with the low bidder. The trial court entered judgment against the plaintiff, and the plaintiff appealed. The low bidder on the project sought to have the appeal dismissed as moot on the basis the project was 55% complete. This court held that the appeal was moot, stressing that the only relief sought by plaintiff was an injunction to prevent the signing of the contract, and noting that the project was probably complete at the writing of the opinion. Therefore, this court concluded it was powerless to award the relief sought.
Appellees alternatively assert that, unlike the plaintiff in Cox, Jensen requested a declaratory judgment in its initial suit declaring DOTD's procedures violated the Public Contracts Law. They argue that in both suits that the thing demanded by Jensen is the same, namely, a judgment declaring DOTD to have violated the Public Contracts Law in awarding the contract to Rosiek and a Writ of Mandamus ordering the contract to be awarded to Jensen.
In determining whether the requirement of the identity of the thing demanded is met, courts look to the ultimate object of the suit. See Ryan v. Grandison Trust, 504 So.2d 844, 850 (La.1987); Scurlock Oil Company v. Getty Oil Company, 294 So. 2d 810, 815 (La.1974); Vico Concrete Company, Inc. v. Antley, 283 So.2d 830, 832 (La.App. 2d Cir.), writ denied, 286 So.2d 364 (La.1973).
We agree with appellee's position that the ultimate object of both suits is the award of the contract to Jensen as the lowest responsible bidder. In both suits, the thing demanded by Jensen is a judgment declaring Rosiek's bid invalid and awarding the contract to it. We also reject Jensen's assertion the relief sought in both suits is different because the first suit could not be appealed, whereas, an adverse judgment in the second suit could be appealed.
La.R.S. 38:2220(B) authorizes an aggrieved bidder to bring a suit for "appropriate injunctive relief" to nullify a contract entered into in violation of the Public Contracts Law. According to the jurisprudence, appropriate relief includes an injunction against the public entity's entering into the contract with another bidder, or the annulment of the contract awarded to another bidder. Haughton Elevator Division v. State, Division of Administration, 367 So.2d 1161 (La.1979). In addition, a successful challenger may have an action for damages against the public entity for failure to comply with the Public Contracts Law. See id. at 1169, n. 8. In Haughton Elevator Division, the low bidder on a public project was disqualified by the public entity and sued to enjoin the letting of the contract to other bidders, contending it was deprived of property rights without due process of law. The trial court denied *174 its request for injunctive relief and the court of appeal affirmed. The low bidder then applied for writ of certiorari to the Supreme Court, which concluded the bidder's property rights had been violated by the public entity. The Court then addressed the question of whether the appeal was moot. It was unclear from the record whether the agency had actually awarded the contract subsequent to the denial of injunctive relief by the lower courts. The Supreme Court stated that even if the contract had been awarded the appeal was not moot and held the low bidder was entitled to injunctive relief since the executed contract would be a deprivation of the low bidder's property rights. The Court stated:
Under the record before us, therefore, Haughton is entitled to the temporary injunctive relief prayed for, with what consequence as the law determines is appropriate under the facts which may have developed subsequent to the trial on the rule below. To do otherwise, would foreclose Haughton from obtaining its day in court as to appropriate relief it may obtain, if any, should the contract have been wrongfully awarded to another bidder despite its own low bid. Id. at 1169.
The Supreme Court ultimately remanded the case to the trial court, ordering it to issue an injunction enjoining the public entity from awarding the contract to any entity other than Haughton Elevator Division. Thus, in Haughton Elevator Division, the Court concluded that, even if the contract had been executed and even though work on the project was being performed, a low bidder which had been unsuccessful in obtaining injunctive relief in the lower courts was not foreclosed from seeking relief on appeal.
In light of the foregoing, we cannot conclude Jensen was left without a remedy following the trial court's actions in denying its request for a declaratory judgment and injunctive relief. Unlike the plaintiff in Cox, Jensen sought a declaration that DOTD could not enter into a contract with Rosiek, rather than mere injunctive relief to enjoin the signing of the contract. In addition, an appellate court is given wide latitude in awarding any relief appropriate on the record. La.Code Civ.Proc. art. 2164. Annulment of an executed contract is an appropriate form of relief for an aggrieved bidder. The jurisprudence recognizes that a bidder's right to appropriate relief may necessarily be affected by the passage of time in terms of the type of relief to be afforded, rather than extinguished by events subsequent to the initial trial on the merits. Thus, although on appeal Jensen may not have been able to enjoin the signing of the contract, Jensen could have supplemented the record so as to reflect the execution of the contract (occurring two weeks after judgment and prior to Jensen's motion for a new trial), and could have sought annulment of the contract in the appellate court on the same grounds asserted in the trial court. Additionally, had Jensen obtained a favorable resolution of the issue of legality of the bid on appeal, it is possible it could then have filed an action for damages against DOTD for its failure to comply with the Public Contracts Law. See Haughton Elevator Division, supra at 1169, n. 8. Thus, Jensen was not left totally remediless by the execution of the contract as it suggests, and we conclude a second suit was not the proper avenue to challenge the correctness of the decision in the first suit. Accordingly, we find the requirement of an "identity of the thing demanded" is met.

CONCLUSION
We find all of the essential elements for sustaining an exception of lis pendens are present in this case. We also reject Jensen's argument that this court should remand the case to allow it to seek a claim for damages against DOTD and Rosiek. At a minimum, a claim for damages would be predicated upon a successful showing the Public Contracts Law has been violated. Because Jensen failed to timely appeal the decision in the first suit, that ruling, upholding the legality of the bid, is now res judicata. We affirm the decision of the trial court dismissing the present suit on an *175 exception of lis pendens. Costs of this are appeal assessed to plaintiff-appellant.
AFFIRMED.
NOTES
[1] La.R.S. 38:2218(B) provides:

Whenever a bid bond is required by the governing authority, the bond shall be countersigned by a person who is under contract with the surety company or bond issuer as a licensed agent in this state, and who is residing in this state.
[2] La.R.S. 48:253 provides, in pertinent part:

Every bid submitted [to DOTD] shall be accompanied by ... a bid bond guaranteed by a surety company qualified to do business in this state, as the secretary may determine. The ... bid bond submitted shall be for an amount fixed by the department and shall be approximately five percent of the cost estimate for the contract that has been prepared by the department's engineer....
[3] La.R.S. 38:2220 provides, in pertinent part:

A. Any purchase of materials or supplies, or any contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void.
B. The district attorney in whose district a violation of this Part occurs, the attorney general or any interested party possessed a right of action to bring suit for appropriate injunctive relief in the district court to nullify a contract entered into in violation of this Part.