11 ARMSTRONG, Judge.

STATEMENT OF THE CASE

The relators, Victoria Elfer, et al., seek review of a judgment granting the exceptions of lis pendens and res judicata filed by the defendants Murphy Oil, Entergy, Louisiana, Walworth Company and Atlantic Richfield Company.

FACTS

The instant case arises from the peremptory exceptions of lis pendens and res judicata filed by the defendants in response to a class action petition filed by the relators. The relators attempted to become members of one of several class action suits filed against the defendants in response to an explosion at Murphy Oil Refinery in Meraux, Louisiana. The various class action suits were consolidated into Newell H. Andry, et at v. Murphy Oil U.S.A., Inc. filed on July 27, 1995. On August 4, 1999, Judge Kirk A. Vaughn fixed September 17, 1999, as the date for filing proof of claim forms. On March 23, 2000, forty-three individual plaintiffs who did not file their claim forms timely filed a rule to show cause asking for additional time to file. The motion was denied on July 12, 2000. The plaintiffs then filed an application for supervisory writs with this court, which was denied on September 21, 2000.
UThe forty-three plaintiffs plus an additional fifty-eight plaintiffs filed a separate class action on September 11, 2000, against the defendants. In response, Murphy Oil U.S.A. filed an exception of lis pendens along with a memorandum in support thereof. Entergy, Louisiana filed the exceptions of no right of action, no cause of action, prescription, res judicata and the doctrine of peremptorius by prior orders of the court in Andry, et al. v. Murphy, et al. and an answer. The Walworth Company filed the exceptions of lis pendens and prescription. The Atlantic Richfield Company filed the exceptions of prescription, res judicata, lis pendens, no right of action and no cause of action. The trial court had a hearing on the exceptions on December 7, 2000, after which the court took the matter under advisement. The trial court granted the defendants’ exceptions of lis pendens and res judicata on February 16, 2001.

ANALYSIS

The sole issue presented by this writ application is whether the trial court committed reversible error by dismissing the relators’ class action on the grounds of lis pendens and res judicata. The relators’ argument is based on La. C.C.P. art. 596, which in pertinent part, reads: Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again: (2) as to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him.
The relators contend that their class action was timely filed because prescription did *74 not begin to run until after they were excluded from the class. And, the granting of the exceptions of lis pendens and res judicata denied them their rights to due process as injured parties.
La.C.C.P. art. 531 provides:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
The test for lis pendens is the same as that for res judicata; thus, an exception of lis pendens should be sustained if it is found that a final judgment rendered in the first suit would be res judicata in the second. Jensen Const. Co. v. Department of Transportation and Development, 88-1595 (La.App. 1 Cir.1989), 542 So.2d 168, 171, citing Daul Insurance Agency, Inc. v. Parish of Jefferson, 447 So.2d 1208 (La.App. 5th Cir.1984). The doctrine of lis pendens precludes a plaintiff from litigating a second lawsuit when there is (1) an identity of parties; (2) an identity of “cause;” and (3) an identity of the thing demanded. Jensen, supra, citing Welch v. Crown Zellerbach Corporation, 359 So.2d 154 (La.1978).
The parties in the relators’ class action seem to be in the same capacities as the Andry class action. The class action brought by the relators was based on the explosion at the Murphy Oil refinery, just like the Andry class action. The relators’ class action sought damages similar to those in Andry. The trial court in its reasons for judgment stated that the judgment denying the relators leave to file late proof of claims must be considered a final judgment. The trial court went on |4to state that the two cases arise out of the same occurrence, involve the same defendants and set forth the same allegations of damages. Though not specifically mentioned by the trial court, the First Circuit has held that claimants who do not request exclusion become members of the class fifty days prior to the deadline for filing the notice of claim form. Class members who fail to file the form remain members of the class for purposes of res judicata and injunctive relief. Cotton v. Gaylord Container, 691 So.2d 760, 765, (La.App. 1st Cir.1997). Also, the United States District Court for the Eastern District of Louisiana in Henry v. Shell Oil Refinery, 152 F.R.D. 526 (E.D.La.1989), held that once a class had been certified, class members who do not opt out become subject to rulings, orders and judgments of the court.
It appears that the forty-three relators who attempted to become members of the Andry class are precluded from bringing their own action because of the doctrines of lis pendens and res judicata. However, their reliance on La. C.C.P. art. 596 seems to contradict that proposition. Therefore, the exceptions of lis pendens and res judi-cata are applied to the original forty-three relators and not the additional fifty-eight relators who joined later. Accordingly, this writ application is hereby denied as to the forty-three relators, and granted as to the remaining fifty-eight.

WRIT DENIED IN PART; AND GRANTED IN PART.