FREDERICKA HOMBERG WICKER, Judge.
| gPlaintiff, an alleged putative class member of multiple class actions, appeals the trial court’s granting of defendant’s exception of lis pendens to his own individual law suit filed in the Twenty-Ninth Judicial District Court. For the following reasons, we affirm the trial court judgment in part, reverse the judgment in part, and remand this matter to the trial court for further proceedings consistent with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

On September 13, 2010, plaintiff, Lionel Harris, filed a petition for damages against defendant, Louisiana Citizens Property Insurance Company, in the Twenty-Ninth Judicial District Court for claims arising out of defendant’s handling of plaintiffs property damage claims following Hurricane Katrina on or about August 29, 2005. In his original petition, plaintiff alleged that prescription on his claims had been suspended by the filing of multiple class action suits; however, plaintiff failed to provide any class definitions or to allege that he was in fact a putative | .¡class member of the various class action suits. Defendant filed an exception of prescription, which the trial court granted on November 14, 2011. Plaintiff appealed that judgment and, on appeal, this Court- affirmed the judgment but allowed plaintiff time to amend his petition. See Harris v. Louisiana Citizens Prop. Ins. Co., 12-176 (La. App. 5 Cir. 11/30/12), 106 So.3d 207.
On August 9, 2013, plaintiff filed his first supplemental and amending petition for damages. In his amended petition, plaintiff alleged that he is a putative member of various class action suits, including .Orrill, Oubre, Press, Christenberry, Buxton, and Chalona.[1] Plaintiff further alleged that he *218 has not opted out of the reliant class action suits and that, as such, his claims that are aligned with those class action suits are not prescribed pursuant to La. C.C.P. art. 596.[2]
On September 26, 2013, defendant reurged its exception of prescription and additionally filed an exception of lis pen-dens. [3] The trial court granted defendant’s |4exception of prescription as to any claims alleged in plaintiffs petition that were not included in the Orrill, Oubre, Press, Chris-tenberry, Buxton, and Chalona class actions; however, the trial court also granted defendant’s exception of lis pendens as to plaintiff’s Orrill, Oubre, Press, Christen-berry, Buxton, and Chalona claims and dismissed plaintiffs suit without prejudice. Plaintiff timely appealed the granting of defendant’s exception of lis pendens. Neither party has appealed that portion of the trial court judgment pertaining to defendant’s exception of prescription.
In this appeal, plaintiff asserts that defendant has failed to meet its burden of proof on the exception of lis pendens. Defendant responds that, if plaintiff is provided the benefit of suspension of prescription by asserting that he is a putative class member with identical claims arising out of the same transactions or occurrences as the claims raised in the reliant class action suits, then it necessarily follows that the requirements of lis pendens are satisfied.

DISCUSSION

Louisiana Code of Civil Procedure Article 531 provides:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the *219 defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
The doctrine of lis pendens prevents a plaintiff from litigating a second suit when the suits involve the same transaction or occurrence between the same parties in the same capacities. La. C.C.P. art. 531 requires that (1) two or more suits are pending in a Louisiana court or courts; (2) on the same transaction or occurrence; and (3) between the same parties in the same capacities. The “test” established to determine if an exception of lis pendens should be sustained is the same as that for | (¡res judicata; thus, an exception of lis pendens should be sustained if “a final judgment in the first suit would be res judicata in the subsequently filed suit.” United Gen. Title Ins. Co. v. Casey Title, Ltd., 01-600 (La.App. 5 Cir. 10/30/01), 800 So.2d 1061,1065.
For the following reasons, upon our review of the record in this matter as well as the published appellate decisions involving the named class actions, we find that the trial court properly sustained defendant’s exception of lis pendens as to plaintiffs Oubre, Orrill, Press, Christenberry, and Chalona claims and we affirm that portion of the trial court judgment. However, we find the trial court erred in sustaining defendant’s exception of lis pendens as to plaintiffs Buxton claims and we reverse that portion of the judgment and remand for further proceedings.
Concerning plaintiffs Oubre[4], Orrill[5], Press[6], Christenberry[7], and Chalona,[8] *220 claims, we find that any judgment rendered in those named class action suits would | ¡¡be res judicata to the identical claims raised in plaintiffs individual suit and, thus, lis pendens applies to those claims. La. C.C.P. art. 597 provides that any judgment rendered in a class action •suit is conclusive as to all class members, whether joined as parties or not.[9] See also New Orleans Firefighters Ass’n of Louisiana, Local 632 v. City Civil Serv. Comm’n of New Orleans, 371 So.2d 339, 342 (La.App. 4 Cir.1979) and Duckworth v. Louisiana Farm Bureau Mut. Ins. Co., 11-2835 (La.11/2/12), 125 So.3d 1057, 1069 (wherein the Louisiana Supreme Court stated that “[ujnder the articles governing Louisiana’s class action, all persons possessing claims arising out of transactions or occurrences described in a class action petition ... are bound by any judgment in the action”).
Based upon plaintiffs allegations that he is a putative class member of the Oubre, Orrill, Press, ChHstenberry, and Chalona class action suits — which he asserts in order to secure the benefit of suspension of prescription under La. C.C.P. art. 596 — we find that any judgment rendered in those suits would be conclusive and, thus, res judicata, to the identical claims raised in plaintiffs instant individual suit. Accordingly, because any judgment rendered in the Oubre, Orrill, Press, ChHstenberry, and Chalona class action suits would be res judicata to the identical claims raised in the instant individual suit, we find that lis pendens applies to those claims.
We find no merit to plaintiffs argument that there exists no “identity of the parties” for lis pendens purposes when a putative class member, such as plaintiff herein, is not a named plaintiff or joined as a party in the class action. In Elfer v. Murphy Oil USA, Inc, the plaintiffs attempted to untimely join a class action suit 17previously filed in response to an explosion at the Murphy Oil Refinery in Mer-eaux, Louisiana. 01-1058 (La.App. 4 Cir. 9/12/01), 804 So.2d 71, unit granted and rev’d, 02-0020 (La.3/15/02), 811 So.2d 892. After the trial judge in the previously filed class action suit rejected their applications to join the class, the 43 alleged putative class members who had been rejected from the previously filed class action suit, along with 58 additional alleged putative class members, filed a separate class action suit for identical claims resulting from the Murphy Oil Refinery explosion. The defendants filed various exceptions, including the exception of prescription and lis pendens. The trial court granted the exceptions, dismissing the second-filed class action suit. Id.
The plaintiffs sought supervisory review with the Fourth Circuit Court of Appeal. *221 The Fourth Circuit found that the trial court correctly granted the defendants’ exception of lis pendens and, thus, properly dismissed the suit but found that the exception of lis pendens only applied to the 43 putative class members who attempted to join the first-filed class action but did so untimely. The defendant filed a writ to the Louisiana Supreme Court, which considered and granted the writ, finding that the exceptions of lis pendens and res judi-cata applied to all of the putative class members — whether joined as part of the original class action suit or not. Elfer, 811 So.2d at 892; see also La. C.C.P. art. 597.
In this case, in order to obtain the benefit of suspension of prescription, plaintiff alleged that he was a putative class member of various pending class actions and that his claims arise out of the same transactions or occurrences as the reliant class action suits. Accordingly, applying the guidance provided by the Louisiana Supreme Court in Elfer to the facts of this case, we find that any judgment rendered in the Oubre, Orrill, Press, Christenberry, and Chalona class action suits would be res judicata to the identical claims raised by plaintiff in the |sinstant individual suit. Because any judgment on those class actions in which plaintiff is an alleged putative class member would be conclusive and binding as to plaintiff under La. C.C.P. art. 597, it necessarily follows that the requirements of lis pendens are satisfied.
However, as to plaintiffs Buxton claims, we find that defendant has failed to meet its burden to prove each element required for application of lis pendens under La. C.C.P. art. 531. Specifically, we find that the Buxton suit and the instant suit do not involve the “same parties in the same capacities” as required under article 531. Plaintiff alleged in his petition that he is a putative class member of the Bux-ton class action. However, the petition further alleged that the Buxton class certification was denied and that no order notifying putative class members of the denial of class certification was ever disseminated to putative class members.[10] This Court has found that “[ojnce the demand for class certification is stricken, the ‘action may continue between the named parties alone.’ ” Sellers v. El Paso Indus. Energy, L.P., 08-403 (La.App. 5 Cir. 2/10/09), 8 So.3d 723, 732, citing La. C.C.P. art. 592(A)(2). Further, La. C.C.P. art. 592(A)(3)(c) provides that “[i]f the [trial] court finds that the action should not be maintained as a class action, the action may continue between the named parties.” Plaintiff, in his petition, does not allege that he is a named party in the Buxton suit. Thus, plaintiffs Buxton claims are no longer preserved through the Buxton suit.[11]
*222 | ¡/Therefore, we find that because class certification was denied in Buxton and the Buxton suit may only remain between the named parties, there no longer exists an identity of parties between the named plaintiffs in the Buxton suit and plaintiff in the instant individual suit. Although plaintiffs Buxton claims are not prescribed due to defendant’s failure to issue notice as required under La. C.C.P. art. 596[12], we find that the Buxton suit, following the denial of class certification, does not involve the “same parties in the same capacities” as required to sustain an exception of lis pendens under La. C.C.P. art. 531.
. Furthermore, the Fourth Circuit Court of Appeal, in its published decision, Chalona v. Louisiana Citizens Property Ins. Corp., 08-0257 (La.App. 4 Cir. 6/11/08), 3 So.3d 494, 504, found that the named Bux-ton plaintiffs, subsequent to the trial court’s denial of class certification, settled their claims against defendant. Thus, to the extent that the Buxton case has been settled and is no longer pending in any Louisiana state court, application of lis pendens as to plaintiffs Buxton claims would further be improper in this case.
Accordingly, for the reasons provided above, we find that the trial court properly sustained defendant’s exception of lis pen-dens as to plaintiffs Oubre, Orrill, Press, Christenberry and Chalona claims and we affirm that portion of the trial court judgment. However, we find defendant failed to prove each element |inrequired under La. C.C.P. art. 531 to sustain an exception of lis pendens as to plaintiffs Buxton claims and we reverse that portion of the trial court judgment and remand this matter to the trial court for further proceedings.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.

. Plaintiff alleged that he is a putative member of the following class action suits filed in state court:
(1) Orrill v. AIG, Inc., Civil District Court for the Parish of Orleans, Docket No. 2005-11720; (2) Oubre v. Louisiana Citizens Prop. Ins. Corp., 24th Judicial District Court, Docket No. 625-567; (3) Press v. Louisiana Citizens Fair Plan Prop. Ins. Corp., Civil District Court for the Parish of Orleans, Docket No. *218 2006-5530; (4) Christenberry v. Louisiana Citizens Property Ins. Corp., Civil District Court for the Parish of Orleans, No. 2006-0819; (5) Chalona v. Louisiana Citizens Prop. Ins. Corp., 34th Judicial District Court, Docket No. 107,-125; and (6) Buxton v. Louisiana Citizens Prop. Ins. Corp., Civil District Court for the Parish of Orleans, No. 2006-08341. Plaintiff also alleged that he is a putative class member of suits pending in federal court (Connie Abadie v. Aegis Security Ins. Co., United States District Court for the Eastern District of Louisiana, Docket No. 06-5164; Susan Abadie v. Aegis Security Ins. Co., United States District Court for the Eastern District of Louisiana, Docket No. 07-5112; The Insurance Master Consolidated Class Action Complaint in the matter of In Re: Katrina Canal Breaches Consolidated Litigation, United States District Court for the Eastern District of Louisiana, Docket No. 05-4182; and State v. AAA, United States District Court for the Eastern District of Louisiana, Docket No. 07-5528). The trial court granted defendant's exception of prescription as to those claims filed or removed to federal court and that judgment is not at issue in this litigation.

. La. C.C.P. art. 596(A) provides:
A. Liberative prescription on the claims arising out of the transactions or occurrences described in a petition brought on behalf of a class is suspended on the filing of the petition as to all members of the class as defined or described therein. Prescription which has been suspended as provided herein, begins to run again:
(1) As to any person electing to be excluded from the class, thirty days from the submission of that person’s election form;
(2) As to any person excluded from the class pursuant to Article 592, thirty days after mailing or other delivery or publication of a notice to such person that the class has been restricted or otherwise redefined so as to exclude him; or
(3) As to all members, thirty days after mailing or other delivery or publication of a notice to the class that the action has been dismissed, that the demand for class relief has been stricken pursuant to Article 592, or that the court has denied a motion to certify the class or has vacated a previous order certifying the class.

. Defendant also filed an exception of res judi-cata regarding alleged Orrill and Press settlements and an alleged judgment on the merits in the Oubre action. However, the exception of res judicata was continued without date and was not considered by the trial court.

. The Oubre class has been defined as "all present or past insureds ... whose loss adjustment was not initiated within thirty (30) days after notification of loss.” The class certification in Oubre was affirmed on appeal. See Oubre v. Louisiana Citizens Fair Plan, 07-66 (La.App. 5 Cir. 5/29/07), 961 So.2d 504, 507. On the record before us, the Oubre class action is still pending.

. The Orrill class has been defined as "all present or past insureds ... whose claims were not followed by a written offer to settle within thirty (30) days after receipt of satisfactory proof of loss.” The class certification was affirmed on appeal. See Orrill v. Louisiana Citizens Fair Plan, 11-1541 (La.App. 4 Cir. 6/13/12), 96 So.3d 647. On the record before us, the Orrill class action is still pending.

. The Press class has been defined as "persons who had a Louisiana Citizens Property Insurance Corporation homeowners’ insurance policy at the time of Hurricane Katrina and/or Rita; suffered covered damage to structures insured ...; Citizens' adjustment identified three or more trades involved in the repairs ...; and the payment did not include 20% GCOP [general contractor's overhead and profit].” The Press class definition was affirmed on appeal. See Press v. Louisiana Citizens Fair Plan Property Ins. Corp., 08-1313 (La.App. 4 Cir. 4/22/09), 12 So.3d 392, 394. On the record before us, the Press class action suit is still pending.

. The Christenberry class definition, as described in the Christenberry petition filed in Civil District Court for the Parish of Orleans, which was properly introduced into evidence at the hearing on defendant’s exception of lis pendens, describes the proposed Chalona class as "all immovable property owners.... whose policy .was in full force and effect ... and who made a claim.... [E]ach class member has been determined by the defendant to have a compensable loss and has either been paid or is in the process of being paid.... [and] the loss payment to each class member included a below market unit pricing on numerous items and non-payment of industry standard items.” On the record before us, the Christenberry class has not been been certified nor has it been denied class certification and is still pending in Civil District Court for the Parish of Orleans.

. The Chalona class was defined as “all past or present insureds ... whose claims were not followed by a written offer to settle within *220 thirty (30) days after receipt of satisfactory proofs of loss.” The Chalona class certification was affirmed on appeal. See Chalona v. Louisiana Citizens Property Ins. Corp., 08-0257 (La.App. 4 Cir. 6/11/08), 3 So.3d 494. On the record before us, the Chalona class action suit is still pending. However, in Orrill v. AIG, Inc., 09-0888 (La.App. 4 Cir. 4/21/10), 38 So.3d 457, the Fourth Circuit found that the Chalona lawsuit was dismissed on October 1, 2008, after the trial court sustained an exception of lis pendens. Nevertheless, we find that the claims asserted in the Chalona class definition are identical to the claims asserted in the Oirill suit class definition. Accordingly, because the class definitions seek identical relief, plaintiff's Chalona claims are preserved through the pending Orrill suit. See Orrill v. AIG, Inc., 09-0888 (La.App. 4 Cir. 4/21/10), 38 So.3d 457, 471.

. La. C.C.P. art. 597 provides:
A definitive judgment on the merits rendered in a class action concludes all members of the class, whether joined in the action or not, if the members who were joined as parties fairly insured adequately representation of all members of the class.

. See also Taranto v. Louisiana Citizens Property Insurance Corp., 10-0105 (La.3/15/11), 62 So.3d 721, 731 (wherein the Louisiana Supreme Court found that Buxton class certification was denied in August 2007, "but there was no order entered requiring notice to the putative class”).

. We disagree with defendant’s argument and with the Fourth Circuit’s statement in the Ansardi decision that "the Chalona class restriction encompassed the putative Buxton class definition." Ansardi v. Louisiana Citizens Property Ins. Corp., 11-1717 (La.App. 4 Cir. 3/1/13), 111 So.3d 460, 468. A close review of the class definitions sought in the Buxton and Chalona petitions reflects that the relief sought in each suit is different. While the Chalona c lass definition sought damages for defendant's failure to provide a "written settlement offer within (30) days after receipt of satisfactory proof of loss[,]” the Buxton proposed class definition described in the petition also sought damages for inadequate adjustment for those “who have yet to have a proper loss adjustment of their property damage, and/or who have not been paid for their property damages after satisfactory proof of loss ...” (emphasis added). Therefore, the Buxton class definition, as described in the *222 Buxton petition, seeks additional relief (i.e., adequate payment for property damages sustained) that is not sought in the Chalona or any other class definition.

. To the extent that defendant argues that Taranto v. Louisiana Citizens Property Insurance Coip., supra, should be interpreted to find that plaintiff only had until May 31, 2009, to file his individual suit for damages arising out of his Buxton claims, we disagree. First, prescription is not before us as no party has appealed that portion of the trial court judgment. Second, while the defendant in the Chalona suit disseminated the requisite notice in April of 2008 to establish a prescriptive date for Chalona claims — as discussed and was dispositive of the issue in Taranto (wherein the Louisiana Supreme Court specifically held "[pjlaintiffs, who were putative members of the Chalona class action, had until May 31, 2009 to file suit") — the defendant in the Bux-ton suit never provided notice of the denial of class certification to the putative class members (Justice Knoll, in her concurring opinion in Taranto, pointed out that, although not dispositive in that case, "[p]ertinently, Buxton was denied class certification on August 9, 2007, but no order to notify the class was issued”). Thus, plaintiff’s Buxton claims still lie as they are not prescribed under the clear language of La. C.C.P. art. 596. (See Quinn v. Louisiana Citizens Property Ins. Corp., 120152 (wherein the Louisiana Supreme Court, in discussing the suspension and recommencing of prescription in a class action suit, stated that its analysis was "both constrained and defined by the express words of La. C.C.P. art. 596, which extends the benefits of suspension [of prescription].... and sets forth detailed provisions directing when prescription begins to run again ... ”) and Duckworth v. Louisiana Farm Bureau Mutual Ins. Co., 11-2835 (La.l 1/2/12), 125 So.3d 1057, 1066 (wherein the Louisiana Supreme Court, again constrained by the express language provided in La. C.C.P. art. 596, found that "prescription, once suspended, does not recommence ... until the requisite notice is issued”)).