Judgment rendered May 26, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,940-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

ASHLEY ROBINSON, IN HER    Plaintiffs-Appellants
CAPACITY AS THE NATURAL
TUTRIX OF THE MINOR
CHILDREN, KANIYAH
ROBINSON AND KYSON
ROBINSON

versus

ALLSTATE INSURANCE    Defendants-Appellees
COMPANY, VILLAGE OF DIXIE
INN, AND MICHAEL A. CHREENE

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Webster, Louisiana
Trial Court No. 77,899

Honorable Michael Nerren, Judge

* * * * *

SCOTT, VICKNAIR, HAIR & CHECKI, LLC  Counsel for Appellants,
By: Brad P. Scott          Ashley, Kaniyah and
  Ashley U. Schmidt        Kyson Robinson; and
  Kameron P. Whitmeyer      Vernita George

THOMAS, SOILEAU, JACKSON &    Counsel for Appellee,
COLE, LLP             Allstate Insurance
By: Steven E. Soileau        Company

COOK, YANCEY, KING & GALLOWAY  Counsel for Appellees,
By: James R. Sterritt        Webster Parish Sheriff
  Gregg A. Wilkes        Gary S. Sexton and Bayou
  James Ashby Davis       Dorcheat Warden John
                 Lewis

STAMEY & MILLER, L.L.C.　　　　　　　Counsel for Appellees,
By: Joseph B. Stamey　　　　　　　　　 Village of Dixie Inn,
　　 Erica F. Durr　　　　　　　　　　　and Michael A. Chreene

HUDSON, POTTS & BERNSTEIN, LLP　　Counsel for Allstate
By: Jay P. Adams　　　　　　　　　　　Insurance Company and
　　　　　　　　　　　　　　　　　　 Michael A. Chreene


＊ ＊ ＊ ＊ ＊


Before PITMAN, STONE, and THOMPSON, JJ.

**PITMAN, J.**

Plaintiffs Ashley Robinson, in her capacity as the natural tutrix of the minor children, Kaniyah Robinson and Kyson Robinson; and Vernita George, mother of the deceased, Kenneth George; filed suit against Defendants Micheal A. Chreene;[1] Village of Dixie Inn ("the Village"); Allstate Insurance Company; John Lewis, Warden of the Bayou Dorcheat Correctional Center ("the Warden"); and Gary Sexton, Sheriff of Webster Parish ("the Sheriff"); alleging Defendants were liable for the wrongful death of Mr. George. The Warden and Sheriff filed a peremptory exception of no cause of action, which was sustained by the trial court, and they were dismissed with prejudice. No amendment of the petition was allowed. Plaintiffs appealed that judgment. For the following reasons, we affirm.

### FACTS

Plaintiff Robinson alleged that on October 17, 2018, Mr. George, the father of the minor children, was riding on the tailgate of a truck driven by Chreene, an employee of the Village, on Highway 80 in Webster Parish. Chreene suddenly swerved, causing Mr. George to fall off the tailgate onto the roadway, suffering fatal injuries.

Robinson alleged that Chreene was responsible for Mr. George's death as a result of his negligence and because he forced Mr. George to ride on the tailgate of the truck instead of allowing him to ride in the cab. Robinson also alleged that Chreene was working in the course and scope of his employment with the Village at the time of the accident; and, thus, he and the Village were liable for his death. Robinson further alleged that

_____

[1] This defendant's name is spelled as Micheal in the petition, but it is later spelled in the answer as Michael.

Allstate provided a policy of liability insurance covering the vehicle owned and operated by Chreene on the date of the accident, also making it liable.

The petition was amended and Mr. George's mother, Vernita George, was added as a plaintiff in the event it was not proven that the minor children were Mr. George's children. Plaintiffs also added the Sheriff and the Warden as defendants in the suit. Plaintiffs alleged that at the time of the accident, Mr. George was an inmate at the Bayou Dorcheat Correctional Center and was under the Sheriff's and the Warden's custody and control, thus also making them responsible for Mr. George's death. The allegation states as follows:

> The acts of fault, gross and wanton negligence, and lack of skill by the defendants, JOHN LEWIS and GARY SEXTON, which were the proximate cause of the death of KENNETH GEORGE, were as follows:
>
> A. Requiring KENNETH GEORGE to assist and perform services for defendant, VILLAGE OF DIXIE INN;
>
> B. Failing to supervise and protect (George) while assisting and performing services for defendant VILLAGE OF DIXIE INN.
>
> C. Permitting and allowing defendant, MICHAEL A. CHREENE, to require (George) to be seated on the tailgate of the vehicle while it was in operation; and
>
> D. Failing to safeguard (George) from danger.

The Sheriff and the Warden filed a peremptory exception of no cause of action, stating that all claims against them should be dismissed since Plaintiffs had no cause of action against them under La. R.S. 15:708(H). Further, they claimed that the petition failed to set forth facts that show a duty to Plaintiffs that was breached by them or that intentional or grossly negligent conduct by them caused Plaintiffs any damage. The Sheriff and

the Warden pointed out that on the date of the accident, Mr. George was outside of the detention facility working for the Village and that Plaintiffs alleged Chreene was at fault in the operation of the pickup truck while George was seated on the tailgate. They claimed that the petition failed to allege how the Sheriff or the Warden was in any way personally involved in causing the accident and that it did not allege any acts or conduct attributable to them that caused Mr. George's death. They claimed that under the facts as stated in the petition, they did not have a duty to prevent Mr. George from doing what he did. They also alleged that under La. R.S. 15:708(H), Plaintiffs must set forth facts that show their alleged injury was "caused by the intentional or grossly negligent act or omission of the sheriff or . . . deputy." They asserted that the facts required by the statute do not exist in this case and have not been alleged.

The trial court heard the matter on December 9, 2019, and granted the peremptory exception of no cause of action, finding Plaintiffs' petition and amended petition insufficient to state a cause against the Sheriff and the Warden. It noted that although there are times when a litigant is given the chance to amend the petition after an exception is granted, Plaintiffs failed to assert any supplemental facts supportive of their allegations in the amended petition against the Sheriff and the Warden. Without any support for the trial court to rely upon in its discretion to order an amended pleading, "it would fly in the face of judicial efficiency to order amendment to support claims where no such support has been indicated." It found that the sustaining of the exception without ordering an amended petition neither defeated Plaintiffs' case, nor prejudiced their cause of action against other

3

named defendants; therefore, amendment was unwarranted. Plaintiffs' claims against the Sheriff and the Warden were dismissed with prejudice.

Although Plaintiffs originally sought writs with this court on the judgment, the judgment complained of was a final and appealable judgment, and the matter was remanded for perfection as an appeal.

**DISCUSSION**

*No Cause of Action*

Plaintiffs argue that the trial court erred in sustaining the exception of no cause of action based on the alleged immunity from liability for injuries to prisoners found in La. R.S. 15:708. They claim this immunity from liability is limited in nature and that causes of action by injured prisoners are permitted when their harm or injury was caused by the intentional or grossly negligent acts of the sheriff or public authority. They also argue that the statute does not preclude suit by the prisoner's family members in the event of the inmate's wrongful death.

Plaintiffs further claim that this statute only limits the claims of "prisoners" and does not address the claims of third parties such as the prisoner's survivors in a wrongful death action who might bring claims against a sheriff or public authority that arise out of a prisoner's participation in such a labor program. They argue that Mr. George was not participating in any of the authorized inmate labor programs described in the statute at the time of his accident. They also argue that through a deposition of a deputy, they discovered facts after the dismissal of the Sheriff and the Warden from the suit that would show there was no record of a Work Program Agreement for Inmate Services signed by Mr. George and, thus, no record that he was voluntarily performing services for the state. Further, Plaintiffs assert that

4

Mr. George was not eligible for work release at the time of his death. Although Plaintiffs agree that this evidence was not available prior to the dismissal on the objection of no cause of action, they argue that this is proof that the sustaining of the exception was premature, especially when allegations of gross negligence were made in their pleadings.

Plaintiffs also assert that the allegations of intentional or grossly negligent acts or omission on the part of the Sheriff or the Warden under La. R.S. 15:708 were those committed by Chreene, the employee of the municipality for whom he and Mr. George were working. They claim that Chreene violated the law in requiring Mr. George to ride on the tailgate, citing La. R.S. 32:284(B), which states that no person shall be allowed to ride on running boards, fenders, tail gates or rear racks of motor vehicles while moving upon a highway of this state. They argue that these allegations of gross negligence are imputable to the Sheriff and the Warden and preclude a determination on an exception of no cause of action wherein all allegations of fact must be accepted as true.

In response, the Sheriff and the Warden argue that their exception of no cause of action showed that Plaintiffs failed to plead any facts whatsoever against them, that Plaintiffs only made conclusory allegations that were insufficient to state a cause of action and, lastly, that Plaintiffs' allegations are not sufficient to overcome the Sheriff's and the Warden's immunity under La. R.S. 15:708. They contend that Plaintiffs cannot overcome the fundamental flaw in their claims against them because there are simply no facts to implicate them in any wrongdoing.

The Sheriff and the Warden argue that without specific facts, Plaintiffs' conclusory allegations are not sufficient to state a claim because

they had no duty to protect Mr. George from what occurred. He was outside of the prison facility working for the Village and was under its custody and control. They were not present and did not commit any negligent act or cause injury. They assert that Plaintiffs' claims are insufficient to state a cause of action.

In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court should conduct a *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. La. C.C.P. art. 927; *Indus. Companies, Inc. v. Durbin*, 02-0665 (La. 1/28/03), 837 So. 2d 1207.

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So. 2d 1234 (La. 1993). No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. An exception of no cause of action is triable on the face of the petition; and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. *Indus. Companies, Inc. v. Durbin*, *supra*. It should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Badeaux v. Sw. Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So. 2d 1211. If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. *Id.* Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the

opportunity of presenting evidence at trial. *Indus. Companies, Inc. v. Durbin*, *supra*.

Louisiana law utilizes a system of fact pleading; no technical forms of pleading are required. La. C.C.P. art. 854; *Ramey v. DeCaire*, 03-1299 (La. 3/19/04), 869 So. 2d 114; *Fitzgerald v. Tucker*, 98-2313 (La. 6/29/99), 737 So. 2d 706. The plaintiff need not plead a theory of the case, but only facts that would support recovery. *Ramey v. DeCaire*, *supra*; *Graves v. Riverwood Int'l Corp.*, 38,842 (La. App. 2 Cir. 8/18/04), 881 So. 2d 140.

La. R.S. 15:708 is entitled, "Labor by prisoners permitted; workday release program; indemnification" and states in pertinent part as follows:

> A.(3)(a) Whenever a prisoner sentenced to a parish prison of any parish of the state, by any court of competent jurisdiction, or a prisoner in a parish prison awaiting transfer to a state correctional facility shall be willing of his own free will to perform manual labor by assisting the governing authority of any municipality to maintain the municipality in a safe and sanitary condition by cutting, destroying, or removing noxious weeds or grass or other deleterious, unhealthful, or noxious growths on any sidewalks or banquettes and on any lot, place, or area within the municipality and the sheriff has approved the work, the sheriff may set the prisoner to work upon labor determined by the governing authority of the municipality to effectuate this purpose [.]
>
> * * *
>
> G. Prisoners participating in any of the inmate labor programs authorized by this Section shall always remain in the custody and under the control of the sheriff, except when parish or municipal authorities assume the responsibility for the custody and control of participating prisoners for particular parish or municipal projects while the prisoners are outside of prison facilities administered by the sheriff.
>
> H. A prisoner participating in any of the inmate labor programs authorized by this Section shall have no cause of action for damages against the sheriff or any parish or municipal authority conducting the program or supervising his participation therein, nor against any deputy, employee, or agent of such sheriff or parish or municipal authority, for any injury or loss suffered by him during or arising out of his participation in the program,

7

unless the injury or loss was caused by the intentional or grossly negligent act or omission of the sheriff or the parish or municipal authority or the deputy, employee, or agent of the sheriff or parish or municipal authority [.]

The facts alleged by Plaintiffs, beginning with the original petition, are simply that the decedent was riding on the tailgate of a vehicle driven by Chreene, an employee of the Village and that Chreene failed to maintain control of the vehicle — operating it at an unsafe rate of speed and swerving, which caused Mr. George to fall to his death. There is no mention in the original petition of Mr. George's status as an inmate or employee of the Village or why he was riding on the tailgate or what job he was supposed to be performing.

The amended petition, which added the Sheriff and the Warden as defendants, contains a paragraph alleging that Mr. George was an inmate at the Bayou Dorcheat Correctional Center and that at all times he was in the custody of those defendants. The allegations of gross negligence attributable to the Sheriff and the Warden were that they required Mr. George to assist and perform services for the Village, that they failed to supervise and protect him, that they permitted and allowed Chreene to ride on the tailgate and that they failed to safeguard him.

These facts, as alleged, and which must be accepted as true, do not state a cause of action against the Sheriff and the Warden. No evidence is allowed to support or controvert the objection that the petition fails to state a cause of action. Plaintiffs have only alleged that Mr. George was "at all times" under the control of the Sheriff and the Warden, but the other facts alleged in the petition show that he was not at the Bayou Dorcheat Correctional Center when the accident occurred. In fact, the petition alleges

8

that he was riding on the tailgate of a truck being driven by an employee of the Village, which implies that the Village assumed the responsibility for his custody and control. La. R.S. 15:708(G).

Further, the allegations against the Sheriff and the Warden are conclusory in that Plaintiffs simply implied that they had a duty to Mr. George by alleging that they required him to perform services for the Village and that they failed to supervise his work for it. Plaintiffs never alleged they were or should have been on site to supervise or safeguard the inmate, who was allegedly performing work for some entity outside of the correctional facility.

Plaintiffs' petition failed to make allegations concerning the Sheriff's and the Warden's gross negligence toward Mr. George sufficient to have stated a cause of action, i.e., gross negligence in their own actions, under La. R.S. 15:708(H). No such actions of gross negligence could be asserted in the petition because those defendants were not present when the accident happened, and they had no duty to observe an employee of the Village or the inmate's work that he was performing for it. Therefore, the allegations against them are conclusory only in that they assume there was such a duty.

For the foregoing reasons, a review of the petition and amended petition shows that Plaintiffs have failed to state a cause of action upon which some relief may be granted to them. This assignment of error is without merit.

*Amendment of the Pleading*

Plaintiffs argue that when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the

9

delay allowed by the court. They point out that this code article has been liberally applied by courts, which have allowed the amendment of petitions in the interest of sustaining justice and for various policy reasons. They assert that it was an abuse of discretion for the trial court to conclude that no amendment of their petition would support their claims of gross negligence against the Sheriff and the Warden and that they could have added a further description of the material facts supporting their claim.

The Sheriff and the Warden argue that the trial court correctly dismissed them from the suit as a result of the failure of Plaintiffs to state a cause of action against them. They assert that the petition does not set forth material facts that would identify a duty or reflect a breach of a duty by them that caused the injury. They contend that Plaintiffs' allegations are nebulous, generalized and conclusory and that there are no facts to show that they could have been involved in any way in causing the accident or failing to prevent it. For these reasons, they claim that the trial court correctly granted the peremptory exception of no cause of action, and there are no facts which can be alleged in an amendment, if allowed, which would indicate that they were responsible.

La. C.C.P. art. 934 states that when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. However, if the grounds of the objection raised through the exception cannot be removed, the action, claim, demand, issue or theory shall be dismissed.

La. C.C.P. art. 934 does not require that the plaintiff be allowed an opportunity to speculate on unwarranted facts merely for the purpose of

defeating the exception. *Wilkins v. Hogan Drilling Co.*, 424 So. 2d 420 (La. App. 2 Cir. 1982), *citing Lyons v. Avondale Shipyards, Inc.*, 359 So. 2d 1348 (La. App. 4 Cir. 1978). The decision to allow amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial court. *Downs v. Hammett Props., Inc.*, 39,568 (La. App. 2 Cir. 4/6/05), 899 So. 2d 792, *citing Thompson v. Jackson Par. Police Jury*, 36,497 (La. App. 2 Cir. 10/23/02), 830 So. 2d 505.

Considering the fact that Plaintiffs amended their petition the first time to add the Sheriff and the Warden as defendants and were unable to allege facts sufficient to state a cause of action because the necessary facts did not exist, it was within the trial court's discretion to deny them the right to amend. This assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court sustaining the peremptory exception of no cause of action filed by Sheriff Gary Sexton and Warden John Lewis, dismissing them from the suit, and, further, denying to Plaintiffs Ashley Robinson, in her capacity as natural tutrix of the minor children Kaniyah Robinson and Kyson Robinson, and Vernita George, the amendment of their petition, is affirmed. Costs of appeal are assessed to Plaintiffs.

**AFFIRMED.**

11